## 36928. GEORGIA POWER COMPANY *v.* ROBERTSON.

DECIDED JANUARY 28, 1958—
REHEARING DENIED FEBRUARY 12, 1958.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for plaintiff in error.

*James R. Davis, Jr.,* contra.

QUILLIAN, Judge. ■ ■ Special ground 1 insists that the trial judge erred in allowing in evidence a plat which showed that the property involved in this proceeding was bounded on one side by a subdivision. This contention is without merit because the petition and plat filed by the condemnor shows that the property is bounded on one side by a subdivision. The condemnor could not object to the condemnee proving what it had alleged in its own petition.

■ The condemnor also insists that the trial judge erred in permitting the condemnee to testify: "I would suffer $4,000 direct loss on four acres occupied by the right-of-way . . . I would suffer $12,000 consequential damages on the remaining 48 acres," because it was a conclusion of the witness and invaded the pro-

vince of the jury. The judge struck the word "damages" from the above testimony. The witness gave his opinion of the value of the property prior to the construction of the condemnor's power lines and also his opinion as to what its value would be after the construction. He then stated that he would suffer a loss equal to the difference of these amounts. Under the holding in *Central Ga. Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900) this was not a conclusion invading the province of the jury, because he gave the facts upon which he based his opinion.

■ The condemnor further insists that the judge erred in refusing to allow pictures of other property over which power lines had been built to be admitted in evidence and in not permitting a witness to be cross-examined concerning the pictures.

The ground of the motion alleges that the pictures offered in evidence were of industrial plants and residences in the same county as the property involved in the case, but the property is not alleged to be in the same vicinity or in any respect comparable to that condemned. Under well settled rules of evidence the pictures were not relevant to the issues of the case, and were inadmissible as evidence. *Georgia Power Co.* v. *Chapman,* 46 *Ga. App.* 582 (6) (168 S. E. 131). The right of cross-examination is not abridged where cross-examination of a witness as to irrelevant matters is not permitted. *Hart* v. *State,* 14 *Ga.* 364, 365 (80 S. E. 909); *Walden* v. *State,* 83 *Ga. App.* 231 (2) (63 S. E. 2d 232). The ground shows no error.

■ ■ The condemnor complains of the following charge: "They shall assess the value of the property taken and used and the damages done, and they shall also assess the consequential damages to the property not taken, and deduct from such consequential damages any consequential benefits to be derived by the owner from the improvements made . . ." It is insisted that the judge should have charged that the jury would assess consequential damages, only if and when they determine the remaining property had suffered consequential damages. The very deficiency pointed out was supplied by the further charge: "I charge you, that if you conclude from a preponderance of the evidence that there will be benefits to the land of the landowner not taken by the Power Company by virtue of its improvements to the land, and that there will be damages to the land not

actually taken by the Georgia Power Company, but that the benefits equal or exceed such damages, then you would render a verdict for the landowner only for the fair market value of the land actually taken by the company. On the other hand, if you conclude from a preponderance of the evidence that there will be consequential damages to the land of the landowner not actually taken by the Power Company in excess of the benefits to the land not taken by the Power Company, then you should find a verdict for the landowner in the amount of the excess of such damages, if any, over such benefits, if any."

This is not an instance where conflicting charges given the jury are not reconciled or where neither of the contrary instructions is withdrawn from the jury's consideration. The rule applicable here is that the charge of the court must be construed as a whole, and where the entire charge is correct there is no error. *Griggs* v. *State of Georgia*, 59 *Ga.* 738; *Brown* v. *State of Georgia*, 65 *Ga.* 332 (2) ; *Williams* v. *State of Georgia*, 57 *Ga.* 479.

■ The appellant insists that the judge erred in instructing the jury: "I charge you, Gentlemen, that in estimating the value of the lands in which the plaintiff company, or condemnor, sets forth in their petition, the fact that the owner could still apply the premises to some use not inconsistent with the conditions which the company places thereon, should be considered by the jury . . ." The condemnor contends that the judge expressed an opinion that the entire tract of land had been damaged. The exceptions taken to the charge show no error. *Georgia Power Co.* v. *Chapman*, 46 *Ga. App.* 582, supra.

■ The condemnor complains of the following charge: "The Power Company must pay for the land taken, and damages sustained by Mr. Robertson by the construction and maintenance of the power line . . ." It is insisted that this charge permitted the jury to add to their verdict damages which necessarily would be too remote and speculative to be a legal basis for lawful verdicts, in that it authorized the adding of damages that might be caused in the future by maintenance of the line. Under the holding in *Central Ga. Power Co.* v. *Mays*, 137 *Ga.* 120, 124, supra, the charge was not error.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*