## 50016. BRELAND v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of the possession of marijuana in an amount in excess of one ounce, a felony. The jury fixed the sentence at a fine of $1,000 and six months imprisonment. *Held:*

1. The defendant attacks the sufficiency of the evidence as to the amount of the marijuana possessed. A chemist for the state, qualified as an expert, testified in detail as to how he determined that the green leafy material seized weighed 16.2 ounces, and that it was a mixture of marijuana and ragweed. He also testified that he physically examined the material a second time with the aid of a magnifying glass for the express purpose of determining the amount of marijuana in the whole mass. He testified that 10 to 20% of the 16.2 ounces of the material was marijuana. The opinion of an expert on any question of science is always admissible. Code § 38-1710. An opinion is not a conclusion when the witness states

facts upon which he bases it and does not invade the province of the jury. *Ga. Power Co. v. Robertson,* 97 Ga. App. 142, 143 (102 SE2d 510). It therefore became a question of what weight the jury would give the testimony. Here, the jury was properly instructed with regard to assessing expert testimony and resolved the issue adversely to the defendant. The evidence authorized the verdict that the amount possessed exceeded an ounce.

2. The defendant complains of the following charge: "The defendant's plea of not guilty challenges and denies every material allegation in this indictment, and I charge you that before the state is entitled to a verdict of conviction of the defendant at your hands, the burden is upon the state of proving the defendant's guilt as charged beyond a reasonable doubt." This portion of the charge is taken out of context. The court then went on to charge on the presumption of innocence and of its continuation "throughout the trial" until "overcome by evidence sufficiently strong to satisfy you of his guilt to a reasonable and moral certainty and beyond a reasonable doubt." The charge then concludes, "Unless you find such evidence in this case, you would acquit the defendant." The charge, read as a whole, is readily distinguishable from that in *Salisbury v. State,* 221 Ga. 718 (2) (146 SE2d 776), relied on by defendant. In *Salisbury,* the Supreme Court held the following charge erroneous: "If the State has proved those material allegations beyond a reasonable doubt, the defendant on trial would be guilty and it would be your duty to so say by your verdict," because it restricted the jury to a consideration of the state's evidence. In this case the court plainly charged that *before* the state was entitled to a verdict of guilty it must first overcome the presumption of innocence which *persists throughout the trial.* There was no error.

3. It is contended that the court erred in failing to grant a mistrial because of improper remarks by the assistant district attorney in his closing argument. The objectionable portion of the argument reads: ". . . This contains a cutting agent. This is a cutting agent. November 15 or November 20 this might have been sold to one of our children. . ." In overruling the motion for a new trial, the trial judge stated that the defendant was not on

trial for any alleged sale, but failed to rebuke the offending counsel. Assuming error, we find no prejudice. The jury acquitted the defendant of a part of the indictment charging the possession of amphetamine phenobarbital and imposed far less than the maximum penalty authorized.

4. The defendant enumerates as error that the trial court erred in admitting two bags of ragweed and 697 caffeine capsules. These items were seized with marijuana when police officers, after arrest of the defendant and pursuant to warrant, broke into the trunk of a car in which the defendant had been observed placing containers in the early morning hours. The admissibility of the evidence is controlled by the holding in *State v. Luke*, 232 Ga. 815 (209 SE2d 165). The court also charged the jury that these items were not illegal and were submitted to them simply because they were seized with the other relevant evidence.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED MARCH 12, 1975.

*Hugh Q. Wallace,* for appellant.
*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.