### 60160. JENKINS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of rape, kidnapping and armed robbery. Finding no basis for reversal in any of appellant's enumerations of error, we affirm his convictions.

1. In his first enumeration of error, appellant contends that an in-court identification was tainted by an unnecessarily suggestive out-of-court identification procedure. The basis of appellant's complaint is that the two witnesses who identified appellant at trial viewed photographs of suspects at the same time in the same room.

While the better practice would be to separate potential witnesses during an identification procedure, we do not find the procedure used in the instant case to be so suggestive as to taint the subsequent in-court identification. Although the witnesses were in the same room, there was testimony to the effect that they were seated at opposite ends of a long table and were not able to see which photographs the other was viewing or which suspect was identified by the other witness.

Nor do we find any harm in the fact that items of evidence (clothing) seized from appellant were in view during the out-of-court identification. The picture of appellant which was chosen by both witnesses did not depict appellant wearing the clothing which was present during the identification.

" '(C)onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on

that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' [Cit.]" *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332). We do not find the procedures here employed to be so suggestive.

2. An expert witness testified concerning the identification of certain blood samples. His testimony was based on the results of a procedure known as electrophoresis. Appellant moved to have the witness' testimony stricken from the record, basing his motion on a contention that the reliability of the procedure and the acceptance of the procedure by the scientific community had not been shown. We find no error in the trial court's refusal to strike the testimony.

"The opinion of an expert on any question of science is always admissible." *Breland v. State,* 134 Ga. App. 259 (214 SE2d 186). We do not find that the fact that the procedure is relatively new requires that the testimony be excluded. The witness explained the procedure, thereby giving the facts on which his opinion was based. The question, then, is not of admissiblity but of the weight to be given the evidence by the jury. Id.

3. Appellant also argues that the trial court erred in denying his motion to strike the testimony of the expert witness because the state failed to prove the chain of custody of the blood samples used by the witness. A review of the record shows that appellant never requested that the witness' testimony be stricken on that ground below and, in fact, never raised an objection based directly on the chain of custody. Having failed to properly raise the issue below, appellant may not raise it here. *Perkins v. State,* 151 Ga. App. 199 (9) (259 SE2d 193).

4. Testimony was admitted at trial connecting appellant with the scene of a robbery by comparison of his palmprint to a palmprint found at the scene of that robbery. As he did with the testimony concerning blood analysis, appellant argues that palmprints have not been established as a reliable means of identification. That argument must fail for the same reason the earlier argument concerning the admission of expert testimony: the witness was qualified and gave the facts on which his testimony was based. As it was above, the question is one of weight, not admissiblity. *Breland,* supra.

5. A doctor who examined the prosecutrix stated during his testimony that the victim was a virgin at the time of the crime. Appellant subsequently moved for a mistrial on the ground that that testimony was admitted in violation of the Rape Shield Law, Code Ann. § 38-202.1. We find no error in the trial court's denial of that motion. The testimony was not concerned with previous sexual behavior of the complaining witness but with physical injuries she received during the commission of the rape. In that context, the

testimony was relevant. " '(W)here evidence is pertinent and admissible, it cannot be excluded merely because it tends to damage or impair the cause of the party against whom it is being introduced.' [Cit.]" *West v. State,* 120 Ga. App. 390, 392 (170 SE2d 698).

6. Evidence of an earlier robbery was admitted over appellant's objection. We cannot agree with appellant that there were not sufficient points of similarity between the two robberies to permit the introduction of evidence of the first robbery.

The robbers exhibited the same behavior patterns on both occasions and both victims positively identified appellant. "Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

There having been no cause for reversal shown, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 9, 1980 — DECIDED OCTOBER 22, 1980 —
REHEARING DENIED NOVEMBER 12, 1980 —

*G. Terry Jackson,* for appellant.
*Andrew J. Ryan, III, District Attorney, Frederick W. Kramer, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.

