## 61189. ROBERTS v. THE STATE.

Pope, Judge.

Appellant was indicted for the offense of "kidnapping with bodily injury." The indictment further alleged in some detail that the accused abducted the victim at gunpoint, holding her against her will, and that during the course of the kidnapping the victim was forcibly raped, sodomized and beaten. The victim testified that these events occurred during the course of the kidnapping because she was in fear of her life. Appellant testified that the victim willingly accompanied him and performed the sexual acts, and that he did not threaten her with a gun or beat her. The jury returned a verdict of guilty, which is appealed. We affirm.

1. Prior to trial appellant filed a demurrer to the indictment on the grounds that the offense of "kidnapping with bodily injury" is not cognizable under Georgia law and that the language referring to rape and aggravated sodomy was inappropriate, harmful and prejudicial and had the effect of charging appellant with two separate and distinct crimes other than the one for which he was indicted. This argument is without merit.

"Kidnapping with bodily injury" is a criminal category specifically provided by Code Ann. § 26-1311 (b). That the state may allege in the indictment the way and manner in which bodily harm was inflicted upon the kidnap victim was established in *Henderson v.*

*State,* 227 Ga. 68 (4) (179 SE2d 76) (1970). Evidence showing all elements of the crime as alleged was presented here, and the manner in which the injuries and sexual assaults occurred did not constitute separate and distinct crimes for which the accused was not on trial. The trial court charged the jury that the appellant was "not on trial for the offense of rape or aggravated sodomy or for the beating, but in order to sustain a conviction for the offense of kidnapping with bodily injury, it will be necessary for the State to prove at least one of the instances described in the indictment . . ." Even if the language of the indictment was more descriptive than necessary, these instructions were sufficient to protect appellant from double jeopardy or any prejudicial effects of the indictment as drawn. Accord, *Crawford v. State,* 144 Ga. App. 622 (2) (241 SE2d 492) (1978).

2. Appellant's contention that the trial court improperly precluded his right to cross examine the victim about her prior sexual conduct and whether she had smoked marijuana before the incident is without merit. While the victim testified that the appellant raped her twice and brutally attempted to sodomize her, the appellant was not charged with these offenses because they apparently occurred in another county. Appellant concedes that such evidence would be inadmissible under Code Ann. § 38-202.1 had he been tried for rape, but asserts that the victim's past experiences were relevant to his defense against the kidnapping charge, that she willingly consented to accompany him in order to smoke a "joint" and engage in oral sex. The question asked the victim, however, was whether she had had sexual experiences with *anyone* prior to the incident. Since both the victim and the appellant testified that they had not previously met, the only information to be elicited from this question would be whether the victim had ever had sex with any men *other* than the defendant. The reasoning behind the inadmissibility of such evidence in rape cases "for either impeachment purposes or on the issue of consent . . . is that her consent in the case of one man does not imply consent in the case of another." *Lynn v. State,* 231 Ga. 559 (1) (203 SE2d 221) (1974). See also *Jenkins v. State,* 156 Ga. App. 387 (5) (274 SE2d 618) (1980). Because the alleged rapes and aggravated sodomy constituted evidence of the bodily injury here, their proof was as relevant to the kidnapping conviction as though the appellant had been charged with those offenses. Since proof of rape was proof of bodily injury, the reasons why evidence of prior sexual experience is not permitted by Code Ann. § 38-202.1 are equally applicable in this case.

The evidence here did not support an inference that appellant could have reasonably believed the victim consented to his conduct, nor were other statutory requirements met for introducing any

evidence of her past sexual conduct. See Code Ann. § 38-202.1 (b). It was undisputed that the victim, a college student, was sitting in her car in a school parking lot studying before an 11 a.m. algebra class when the appellant, whom she did not know, caused her to enter his car and drive with him to a secluded wooded area. "Nothing remotely suggests that the defendant could, except as the result of an attack of megalomania, have inferred from these facts that the victim would consent to his sexual demands. The testimony was inadmissible in its entirety, and was properly excluded by the court." *Parks v. State,* 147 Ga. App. 617, 618 (249 SE2d 672) (1978). The attempted cross-examination into the victim's prior experiences with smoking marijuana likewise amounted to an attack upon her character, and in any event, defense counsel stated that he would "go on to something else" when objection was made to this line of questioning.

3. Appellant argues that his motion for directed verdict of acquittal should have been granted under the rationale of *L. C. v. State of Ga.,* 151 Ga. App. 307 (259 SE2d 702) (1979), as follows: "Where the evidence tends to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof." That case is not pertinent here, dealing as it did with the sufficiency of circumstantial evidence to sustain a finding of delinquency. Rather we are bound by the oft-stated rule that " '[I]t is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. [Cit.]' *Muhammad v. State,* 243 Ga. 404, 407 (254 SE2d 356). The trial court did not err as the evidence was in conflict and did not demand a verdict of not guilty." *Hendrix v. State,* 153 Ga. App. 791, 792 (1) (266 SE2d 568) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 17, 1981.

*Thomas F. Jarriel,* for appellant.
*Charles H. Weston, District Attorney,* for appellee.