62586. DENNIS v. THE STATE.

McMURRAY, Presiding Judge.

Greg Paul Dennis and David Lee Jenkins were indicted jointly on separate indictments for the offenses of armed robbery, rape and kidnapping. Jenkins moved for severance and was tried separately and convicted in September 1978. See *Jenkins v. State,* 156 Ga. App. 387 (274 SE2d 618). Dennis then was re-indicted for kidnapping with bodily injury (stabbing the victim in the chest with a knife) apparently in lieu of the simple kidnapping charge. Defendant Dennis was then tried and convicted of kidnapping with bodily injury, armed robbery and rape and sentenced to serve three separate life terms to be served consecutively. Defendant Dennis appeals. *Held:*

1. After the appeal was filed in this court defendant Dennis' appointed counsel filed a request for permission to withdraw from the case pursuant to Anders v. California, 386 U.S. 738 (87 SC 1396,

---

18 LE2d 493), that is, that after a careful and conscientious examination of the record and proceedings counsel believes that an appeal of this case would be wholly frivolous. Appointed counsel has fully complied with the requirements of *Bethay v. State,* 237 Ga. 625 (229 SE2d 406). See also *Hill v. State,* 238 Ga. 564 (233 SE2d 796).

After examination of the record and transcript we find the appeal is wholly frivolous. Appointed counsel was granted permission to withdraw. The defendant was notified of this action and of his options by reason thereof.

Subsequently, other counsel has appeared and now argues that defendant's constitutional right not to be the subject of "prosecutorial and/or judicial vindictiveness," has been violated when the state re-indicted him for the more serious crime of kidnapping with bodily injury after indicting him for simple kidnapping, citing North Carolina v. Pearce, 395 U. S. 711, 712 (3), 723-726 (89 SC 2072, 23 LE2d 656) and Blackledge v. Perry, 417 U. S. 21, 24-31 (94 SC 2098, 40 LE2d 628). However, in both of these cases there was a previous trial and conviction of the defendant, albeit in Blackledge the trial was incomplete inasmuch as under state law the conviction was for a misdemeanor with a right to a trial de novo which was pending when that defendant was reindicted for a felony. In the case sub judice there had been no trial when the state elected to re-indict Dennis for a more serious degree of the offense of kidnapping, and these cases simply do not apply, whether or not the original kidnapping indictment is still pending. No effort has been made to charge him following his conviction of the more serious crime. The only crime for which this defendant has been tried and convicted (other than the additional indictments charging rape and armed robbery) was that of kidnapping with bodily injury. We, therefore, decline to order that the case be remanded and the defendant sentenced for simple kidnapping, or in the alternative, to reverse the conviction and order that he be acquitted of the more serious charge of kidnapping with bodily injury and be retried for simple kidnapping only.

2. Additionally, in compliance with Anders v. California, 386 U. S. 738, supra, and *Bethay v. State,* 237 Ga. 625, supra, we have fully and carefully examined the record and transcript. We find no reversible error. See *Jenkins v. State,* 156 Ga. App. 387, supra, in which the conviction of the co-defendant has been affirmed based generally upon the same evidence submitted in this case and in which numerous alleged errors during the trial have been considered and found meritless. A rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at

the trial proof of guilt of the defendant beyond a reasonable doubt of the various offenses in the indictments for which he was convicted. See *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Appleby v. State,* 247 Ga. 587, 588 (1) (278 SE2d 366); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). See also *Mason v. State,* 157 Ga. App. 392 (278 SE2d 498).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1981.

*G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, Andrew J. Ryan III, Robert M. Hitch III, Assistant District Attorneys,* for appellee.