412 So.2d 574 (1982)
STATE of Louisiana
v.
Robert Lee GASTON.
No. 81-KA-2053.
Supreme Court of Louisiana.
April 5, 1982.
*575 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Gaynelle Griffin Jones, Asst. Dist. Attys., for plaintiff-appellee.
Percy A. Ford, Jr., of Ford & Avants, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Robert Lee Gaston, was convicted by a jury of aggravated rape and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:42.[1] Defendant has appealed his conviction and sentence, assigning three errors by the trial court.
On Friday, October 31, 1980, the victim returned to her home about 10:20 A.M. after a brief absence. She was confronted by a man with a butcher knife, wearing a *576 black tank top and a pair of dark blue pants. The man asked for money, threatened her life, and then had sexual intercourse with her. He took two dollar bills which were at the head of the bed. The victim told him she would not report the crime to prevent embarrassment of her two daughters. As the rapist was leaving by the back door, she noticed a discoloration on one shoulder. The victim went to Roosevelt Wright's nearby cab stand crying and shaking. They went for a drive in an unsuccessful attempt to spot the criminal. Fearful for a daughter's safety, the victim went to escort her home from Carroll Junior High School. While walking, the victim started crying again and stopped at the cab stand to call the police. She described the rapist's height, weight, clothes and the skin discoloration on one shoulder. She was taken to the hospital between 3:30 and 4:00 P.M. From the rape kit which was used at the hospital, Linda Armstrong, a criminalist at the North Delta Crime Lab in West Monroe, determined that sexual intercourse had taken place. Although Ms. Armstrong's test tended to exclude Gaston as the guilty party, the four and a half hour interval before the rape kit sample was taken made this evidence unreliable. Gaston returned to the victim's home approximately a week later. While the victim and a male friend were looking for some means of protection, Gaston left, apparently taking from the mailbox a money order in an envelope addressed to Louisiana Power & Light. The police apprehended Gaston behind a building a few blocks from the victim's house. The Louisiana Power & Light envelope was found nearby. The victim identified Gaston as the rapist. At trial, Gaston's black tank top and dark blue pants were introduced into evidence. A scar or tattoo on the defendant's shoulder was exhibited to the jury. After the jurors retired to deliberate, they returned and asked if it would be possible to see Gaston dressed in the tank top. This was allowed by the trial court despite a defense objection.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that a mistrial was mandated when the State in opening argument referred to Gaston taking the Louisiana Power & Light envelope from the mailbox. An objection was made on the ground that this was an inadmissible reference to another crime. LSA-C.Cr.P. art. 770.[2] A motion for mistrial was overruled. The trial court instructed the jury that the opening statement was not to be considered as evidence.
When Gaston returned to the victim's house, she immediately recognized him as the rapist. The envelope was a link connecting Gaston with the victim and was therefore relevant and admissible evidence. LSA-C.Cr.P. art. 770 only bars reference to another crime "as to which evidence is not admissible". The theft of the envelope was another crime, but it was a crime which was material to the rape prosecution and the evidence was admissible. State v. Madison, 345 So.2d 485 (La., 1977).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
After the jury retired to deliberate, they were allowed to see defendant dressed *577 in the black tank shirt. This is assigned as error. The trial judge relied on LSA-C. Cr.P. art. 793 as follows:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict."
The jury had previously viewed both the black tank top and the defendant's naked shoulder. They did not see any new evidence, but reexamined prior physical evidence in a slightly different context. Testimony cannot be repeated to the jury. State v. McCully, 310 So.2d 833 (La., 1975). However, physical evidence can be examined to help the jury arrive at a verdict. State v. Carney, 260 La. 995, 257 So.2d 687 (1972). The victim testified that she had noticed the shoulder scar as Gaston was going out the back door. The jury obviously wanted to determine if that area was visible while the defendant was clothed in the tank top. Allowing the naked shoulder and the black tank top to be put together did not adduce new evidence. It was properly permitted to aid the jury's verdict.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends that the verdict was contrary to the law and the evidence. Although the defendant did not file a motion for acquittal or a new trial, due process requires that the question of sufficiency of the evidence be reviewed. State v. Fontana, 396 So.2d 1251 (La., 1981). Linda Armstrong established that sexual intercourse had occurred. The victim testified that Gaston made her submit to that intercourse by threatening her life while armed with a knife. Her unequivocal identification was corroborated by the envelope, which was found near Gaston, and the identifying mark on his shoulder. Due to the time lapse before the rape kit was utilized, Linda Armstrong could not exclude the possibility that Gaston was the guilty party. A rational trier of fact could have found the essential elements of this crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of defendant, Robert Lee Gaston, are affirmed.
AFFIRMED.
NOTES
[*] Judges Nester L. Currault, Jr. and Fred S. Bowes of the Twenty-Fourth Judicial District Court, and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Justices Marcus, Blanche, and Watson.
[1] LSA R.S. 14:42 provides:

"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
"(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
"(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
"(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
"(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
"Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence."
[2] LSA C.Cr.P. art. 770 provides:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) Race, religion, color, or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3) The failure of the defendant to testify in his own defense; or
"(4) The refusal of the judge to direct a verdict.
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."