## 65540. ESTES v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for committing incest with his 16-year-old daughter. *Held:*

1. Error is enumerated because the trial court held that the rape shield statute, Code Ann. § 38-202.1 (Ga. L. 1976, p. 741), applied and thus denied the defense a full and sifting cross-examination of the victim and the investigating police officer concerning the victim's prior sexual conduct as well as the admission of physical evidence bearing on her conduct.

Code Ann. § 38-202.1 provides that the past sexual behavior of the complaining witness in a rape case is not admissible unless the court finds that the past sexual behavior directly involved the accused or that the evidence to be introduced supports an inference that the accused could have reasonably believed that the victim consented.

This shield statute has been held applicable to statutory rape as a lesser included offense of rape in *Barnes v. State,* 244 Ga. 302 (3), 306 (260 SE2d 40), where the court said: "Although the act is applicable by its terms to rape cases, logic and the intent of the act show that it should be equally applicable in statutory rape cases, except that the exceptions in the act relating to consent and the accused's prior participation would be inapplicable in statutory rape cases." Compare, *Hill v. State,* 159 Ga. App. 489 (2) (283 SE2d 703).

In *Roberts v. State,* 158 Ga. App. 309 (2) (279 SE2d 753), where the defendant was tried and convicted for kidnapping with bodily injury but the evidence also established rape and aggravated sodomy (but not within the venue of the court), we held that the shield statute applied. "Because the alleged rapes and aggravated sodomy constituted evidence of the bodily injury here, their proof was as relevant to the kidnapping conviction as though the appellant had been charged with those offenses. Since proof of rape was proof of bodily injury, the reasons why evidence of prior sexual experience is not permitted by Code Ann. § 38-202.1 are equally applicable in this case." Id. at 310.

And in *Decker v. State,* 139 Ga. App. 707 (2) (229 SE2d 520), where the defendant was convicted of the molestation of an 8-year-old girl, we said at 708: "Inquiry into the prosecutrix' past sexual experiences are irrelevant to whether or not she was molested by this defendant."

Since incest also can be a lesser offense of rape when the facts so warrant, *Ramsey v. State,* 145 Ga. App. 60 (10) (243 SE2d 555), the rationale of *Barnes v. State,* 244 Ga. 302 (3), supra, applies equally as well to incest. Because there is evidence of rape in this case in that the victim testified that defendant forced himself on her against her will, "the reasons why evidence of prior sexual experience is not permitted by Code Ann. § 38-202.1 are equally applicable in this case." *Roberts v. State,* 158 Ga. App. 309 (2), 310, supra. And since consent is not an element of incest, "[i]nquiry into the prosecutrix' past sexual experiences are irrelevant . . ." *Decker v. State,* 139 Ga. App. 707 (2), 708, supra.

Therefore, the trial court did not err in ruling that the defense could not inquire into the victim's past sexual experience.

2. When the defense counsel was cross-examining the police investigator, he began to question her about the contents of the police investigative file. Upon the state's objection and request, the trial court required defense counsel to introduce the contents of the police file into evidence before he could cross-examine the witness concerning them. This action of the trial court is enumerated as error.

Defendant contends that the documents in the police file should not have ben admitted because their admission compelled defendant to give evidence against himself in violation of the Federal and State Constitutions. However, defendant did not object to the admission on this ground at trial which bars our consideration of this contention on appeal. *Jefferson v. State,* 157 Ga. App. 324 (2) (277 SE2d 317).

Defendant did assert at trial that he could not be required to place in evidence the contents of the police file as a prerequisite to cross-examination concerning them. We find this assertion meritorious.

"A police report may be admissible as a business entry under Ga. L. 1952, p. 177 (Code Ann. § 38-711) where a proper foundation is laid, but when it includes hearsay statements, opinion evidence, and conclusions, it is not generally admissible. [Cits.] Impeachment of the police officers might have been attempted by cross-examining them as to their testimony being in conflict with the information in the police report, but the police report itself would not be allowed in evidence since these officers testified from the stand. The court did not err in excluding the police report." *Pickett v. State,* 123 Ga. App. 1

(2), 2 (179 SE2d 303).

The circumstances in the instant case are similar. The documents came from the police file and consisted of the state's witnesses and police incident reports and were completely hearsay. The prohibition against admitting hearsay, opinion and conclusions was ignored, as well as the requirement that a proper foundation be laid for their admission as business entries. The cross-examination of the police officer was for the purpose of testing her credibility, and defendant was not required to place the documents in the police file in evidence to do this. Thus the trial court was in error in requiring the admission of the contents of the police file as a prerequisite to cross-examination concerning the file.

The remaining question is whether the admission of the documents was prejudicial to the defendant.

As indicated, most of the documents consisted of the pre-trial statements of the state's witnesses, including that of the victim, which said substantially the same thing the witnesses testified to in court, and were completely hearsay. These documents clearly bolstered the testimony of the state's witnesses.

"In Georgia, as well as most other jurisdictions, the general rule is that a witness' testimony cannot be fortified or corroborated by his own prior consistent statements. [Cits.] If the rule were otherwise a person might contrive an entirely false account of some occurrence and, after relating this version of the events to several persons, call them in corroboration when at a later time he uttered the same untruthful story on the witness stand. 'It can scarcely be satisfactory to any mind to say that, if a witness testifies to a statement today under oath, it strengthens the statement to prove that he said the same thing yesterday when not under oath. . . . The idea that the mere repetition of a story gives it any force or proves its truth is contrary to common observation and experience that a falsehood may be repeated as often as the truth.' [Cits.] . . .

"Having concluded that the testimony . . . was improperly admitted . . . we must now determine whether the error necessitates reversal of the convictions. The test for determining whether error not of constitutional dimension is prejudicial is, of course, a familiar one. Regardless of whether there was other independently sufficient evidence to convict appellant, we can find the error harmless only if it is 'highly probable that the error did not contribute to the judgment.' [Cits.]" *Parker v. State,* 162 Ga. App. 271 (5), 274-5 (290 SE2d 518).

The improperly admitted hearsay documents bolstered (fortified and corroborated) the testimony of the state's witnesses in the instant case. The documents were sent into jury deliberations and presumably considered by the jury. The resolution of the case rested

essentially on the credibility of the victim versus that of the defendant, who denied commission of the offense. The jury deliberated over a period including portions of three days, reported several times that they were unable to come to a verdict, and were given the Allen charge. Under these circumstances, we cannot find that it was highly probable that the consideration of the erroneously admitted hearsay statements of the state's witnesses did not influence the jury's verdict. Compare, *Parker v. State,* 162 Ga. App. 271 (5), supra.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 16, 1983.

*Hoke J. Thomas, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.