## 68067. WHITLOCK v. THE STATE.

DEEN, Presiding Judge.

Dennis Whitlock brings this appeal from his conviction of aggravated sodomy, robbery by intimidation and rape.

1. Appellant first contends the trial court erred in preventing him from introducing into evidence testimony of a witness who claimed the victim told her that the victim had had an agreement with her mother that she would get title to a certain piece of property if she led a good Christian life for a year. Both the victim's mother and the victim denied having such an agreement. As this witness did not have firsthand knowledge of the agreement it was inadmissible as hearsay. The appellant contends the victim fabricated the story about being raped so her mother would not think she had been leading an immoral life and take the land away from her. The evidence showed that the victim reported the rape to her mother shortly after it occurred and before her mother said anything to her about seeing a man

run across her pasture from the vicinity of the victim's trailer.

The only purposes for which this testimony could be offered was to impeach a prior inconsistent statement of the victim, or as proof of bad character. This evidence, however, does not meet the foundation requirements of OCGA § 24-9-83 (Code Ann. § 38-1803) which must be met before a prior inconsistent statement can be introduced into evidence and bad character must be proved according to the requirements of OCGA § 24-9-84 (Code Ann. § 38-1804). Specific acts of bad character cannot be shown as proof of general bad character. *McCarty v. State*, 139 Ga. App. 101 (227 SE2d 898) (1976).

2. The trial court did not err in denying that portion of the appellant's motion for a new trial which alleged that he was wrongfully prevented from introducing evidence of the victim's past sexual conduct. Such evidence is admissible only if the defendant was directly involved in such conduct or if it tends to prove that he reasonably believed the victim consented. OCGA § 24-2-3 (Code Ann. § 38-202.1); *Grant v. State*, 160 Ga. App. 837, 838 (287 SE2d 681) (1982); *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672) (1978). The defendant has not presented any evidence to meet the codal requirements.

3. Appellant asserts as error the trial court's refusal to allow him to ask jurors on voir dire whether they knew the victim by any of her prior married names. During voir dire the victim and her mother were present in the courtroom and the victim was asked to stand and display herself to the jury for identification purposes. Several of the jurors knew her and her mother. We see that no purpose would be served in revealing her three previous marriages other than to place her character and marital history before the jury. Such evidence is barred at trial by OCGA § 24-2-3 (Code Ann. § 38-202.1). The questions which may be asked on voir dire are largely controlled by the sound discretion of the trial court and his decisions will not be interfered with by this court absent clear abuse. *Hutter v. State*, 251 Ga. 615, 617 (307 SE2d 910) (1983). We find that if the court permitted these questions to be asked of the jurors the protection provisions of the "rape shield" law would be defeated.

4. As there was no motion to sever the offenses made in the trial court, appellant cannot complain that the trial court erred in applying the "rape shield" provisions of OCGA § 24-2-3 (Code Ann. § 38-202.1) when he was tried for all three offenses. This law has also been applied in a case involving kidnapping with bodily injury when the bodily injury consisted of rape. *Roberts v. State*, 158 Ga. App. 309, 310 (279 SE2d 753) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided April 2, 1984 —
Rehearing denied April 11, 1984 —

*Edward E. Strain III*, for appellant.
*V. D. Stockton*, District Attorney, *Michael H. Crawford*, Assistant District Attorney, for appellee.