### 72768. HAYNES v. THE STATE.
(349 SE2d 208)

BIRDSONG, Presiding Judge.

The defendant, Jimmy Haynes, appeals his conviction of the offenses of attempted incest, aggravated assault, three counts of aggravated battery, and three counts of cruelty to a child. All offenses alleged involved the defendant and his 15-year-old daughter. *Held*:

1. After the jury had commenced its deliberations, they asked the court if it was permissible to have the testimony of one witness read to them. The court instructed them on the general rule and said if they had any specific portion they wanted to hear they could request it and he would rule on it. The jury requested to hear "how Mrs. Haynes opened the door on the morning of 1-2-85" to her daughter's bedroom. The court asked for objections. The State had no objection and defendant's counsel did not respond. The court then asked: "Do you have any objection to my giving the bailiff the answer? That we will have it replayed, but it will take a few minutes to locate it. Any problem with that? [Defendant's counsel]: No, Your Honor." The requested testimony was replayed for the jury and no objection was made.

Failure to make a timely and specific objection at trial may be treated as waiver. *Seabrooks v. State*, 251 Ga. 564, 567 (308 SE2d 160). Any error as to the replaying of this evidence was waived. *White v. State*, 174 Ga. App. 699 (1) (331 SE2d 72); *Maxwell v. State*, 170 Ga. App. 831, 835 (318 SE2d 650). Further, the trial court properly restricted the evidence to that requested and we find no abuse of discretion. *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631).

2. The trial court approved a request by the jury, after it had started its deliberations, to view the scars on the back of the hand of the alleged victim. This ruling is enumerated as error.

During her testimony, the victim had exhibited her hands to the jury and pointed out the scars she said were caused by her father placing a burning cigarette to them. After deliberations began, the jury requested to see the same scars "again." The trial court complied. This was not "new evidence." It was a second viewing of the same evidence. See *State v. Roberts*, 247 Ga. 456, 457 (277 SE2d 644). Our appellate courts have recognized the general rule that the trial court has discretion to "hear again" evidence previously presented. Id.; *Hurt v. State*, 239 Ga. 665, 672 (238 SE2d 542); *Person v. State*, 235 Ga. 814, 816 (221 SE2d 587). We find the trial court did not abuse its discretion in permitting the jury to see "again" the victim's inju-

ries she testified were inflicted by the defendant. See *Johns v. State*, 239 Ga. 681 (2) (238 SE2d 372).

3. The events underlying this conviction were alleged to have occurred between June 1, 1984 and January 2, 1985. Defendant claims error in the ruling of the trial court excluding testimony that the victim made a trip to Daytona Beach, Florida with an adult male and thereafter lied to others about being kidnapped. In a hearing, not in the presence of the jury, the defendant established that the victim made a trip at some unknown date to Florida with a man said to be 23 years old. The testimony established only that the victim had known the young man for approximately two months, and the trial took place the latter part of August 1985. The trip would have occurred after the middle of June 1985, more than six months after the alleged offense took place, and while the victim was living with foster parents. There was nothing in the testimony that suggested any sexual acts occurred, only that the victim lied to her friends and the police as to how and why she went to Florida. Defendant claims the evidence was admissible to show that the victim fabricated the offenses against her father, the same as she fabricated the events surrounding the Florida trip.

The admission of evidence is a matter which rests largely within the sound discretion of the trial court. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360). Each party has a right to a thorough and sifting cross-examination of the other party's witnesses, but such right is not unfettered, and a trial court may restrict the scope of cross-examination to the issues, and its exercise of discretion will not be interfered with on appellate review unless manifestly abused. *Fowler v. State*, 171 Ga. App. 491 (2) (320 SE2d 219). This Florida trip occurred more than six months after the last offense charged, and could have no relevancy in establishing or refuting any specific offense. Hence, it was a collateral issue. Defendant claims admissibility on the basis of similarity, i.e., if she fabricated that incident, she could fabricate the charges against the defendant. This theorem is similar to the State's right to introduce prior similar offenses by the defendant for the purpose of establishing motive, intent, bent of mind and identity. *Wright v. State*, 253 Ga. 1 (2) (316 SE2d 445). However, this trip was neither an offense, nor prior conduct. It was a collateral attack upon the victim's credibility, impeaching in nature. There are six acceptable methods of impeachment in Georgia, according to Professor Green in his text on the Georgia Law of Evidence: (1) disproving facts testified to by the witness, (2) previous contradictory statements, (3) bias, interest or corruption on the part of the witness, (4) bad character evidence by reputation or conviction of crime, (5) incapacity or lack of knowledge or opportunity to observe, and (6) absence of religious belief. Green, Ga. Law of Evid. (2d ed.) 233, § 132. The first, second,

fifth and sixth methods of impeachment are automatically excluded by the nature of the evidence. It is also a specific event, and particular transaction cannot be used to establish reputation or bad character. *Henderson v. State*, 234 Ga. 827, 828-829 (218 SE2d 612). Moreover, the trial court heard the entire evidence surrounding the trip and apparently found a question of a moral quality too attenuated from an experience of physical injury to establish bias, interest or corruption on the part of the witness. We agree. Hence, the court's conclusion that the evidence was not admissible under the six principal tests set forth does not fall without a reasonable exercise of the court's discretion.

If there is innuendo that sexual misconduct was involved, OCGA § 24-2-3 is the exclusive means of introduction of that type of impeachment (*Johnson v. State*, 146 Ga. App. 277, 280 (246 SE2d 363)), and incest is a sexual crime included within the statute. *Estes v. State*, 165 Ga. App. 453 (1) (301 SE2d 504). Defendant did not comply with the statute. We find this enumeration to be without merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 3, 1986.

C. *Michael Roach*, for appellant.

*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney*, for appellee.