754 P.2d 352

**STATE of Arizona, Appellee,**

v.

**Gus LOPEZ, Appellant.**

**No. 1 CA–CR 11575.**

Court of Appeals of Arizona,
Division 1, Department A.

May 5, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Mary Lynn Bogle, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The main issue on appeal is whether the trial court committed error in requiring the defendant, after the jury had begun its deliberations, to display to the jury certain tattoos used in identifying the defendant as the perpetrator of the crime.

Defendant, Gus Lopez, was indicted for one count second-degree burglary, a class 3 felony, and one count reckless trafficking in stolen property, in the second degree, also a class 3 felony. Prior to trial, the state filed an allegation that the defendant had three prior felony convictions. De-

fendant's trial before a jury resulted in him being found guilty as charged. Defendant was sentenced to the presumptive term of 7.5 years on each charge, to run concurrently to each other but consecutively to the sentence imposed in Maricopa County Cause No. CR–160804, with 193 days of pretrial incarceration credit. Defendant has timely appealed.

The facts, taken in a light most favorable to sustaining the verdict, are as follows. On July 30, 1986, a Tempe residence was burglarized and cameras, video equipment and other items were stolen. That same day, Officer Richard Lorenzano was working in an undercover capacity purchasing stolen property. He received a call and met with a man who had stolen property to sell. Lorenzano noted that the seller (Chico) had distinctive tattoo marks. Chico sold Lorenzano some of the property stolen from the Tempe residence. At trial, defendant's sole defense was misidentification.

On appeal, the defendant raises the following issues:

(1) Did the trial court err by allowing the jury to view the defendant's tattoos during jury deliberations?

(2) Did the trial court err in denying the defendant's motion for new trial based on prosecutorial misconduct?

## DISPLAY OF TATTOOS

The issue of identification was central to this case. Prior to trial the defendant was placed in a photo line-up. Upon motion by defendant's counsel, the court found this line-up to be unduly suggestive. However, following a *Desserault* hearing, Officer Lorenzano was allowed to make an in-court identification. Also, prior to trial, the state moved for an order requiring the defendant to pose for photographs to be used as exhibits. The trial court found this request proper, *see State v. Rosthenhausler,* 147 Ariz. 486, 711 P.2d 625 (1985) (holding it was not error for trial court to grant state's request that defendant roll up his sleeve to reveal a tattoo) and gave the defendant the option of either displaying his tattoos for the jury in court or having pictures taken of those tattoos to be admitted as exhibits. The defendant chose to personally display his tattoos for the jury and did so during trial.

During deliberations, the jurors sent notes to the judge indicating that they wished to see defendant's tattoos again. To the first two notes the trial court responded that the jurors should try to rely on their collective recollections of evidence already presented. However, the jury sent a third note to the court, which read: "We ask to see the defendant's tattoos as evidence one more time. Are we able? Our decision depends on that exhibit." After researching the matter and discussing it with counsel, the trial judge granted the jury's request and instructed the jury as follows: "The view you requested of the defendant's tattoos is to be made by you without comment until you again retire to the jury room to consider of your verdict. You are to consider this view together with all the evidence in the case in arriving at your verdicts." The defendant then displayed his tattoos a second time for the jury in open court. On appeal, it is claimed that the display of the tattoos during deliberations violates Rule 22 of the Arizona Rules of Criminal Procedure.

Rule 22.3, Arizona Rules of Criminal Procedure, 17 A.R.S., provides:

> After the jurors have retired to consider their verdict, if they desire to have any testimony repeated, or if they or any party requests additional instructions, the court may recall them to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or instructions given only after notice to the parties.

The defendant reads Rule 22.3 as authorizing the reading of testimony only and excluding all other forms of evidence. We do not read the rule so narrowly.

In most instances, demonstrative evidence, such as the defendant's tattoos, is

in tangible form and is admitted as an exhibit, which the jurors have with them in the jury room during their deliberations. Rule 22.2(d), Arizona Rules of Criminal Procedure, 17 A.R.S. In this situation, however, for obvious reasons, the demonstrative evidence could not be taken into the jury room as tangible evidence under Rule 22.2(d). Defendant was thus given a choice between having photographs of his tattoos admitted, *see State v. Sanchez*, 130 Ariz. 295, 300, 635 P.2d 1217, 1222 (App.1981) (photographs of defendant's tattoos were properly admitted as exhibits as tending to identify the defendant), or to show the tattoos in court. The defendant chose the latter.

We cannot say the trial court erred in giving the defendant these alternatives. Clearly, reading Rules 22.3 and 22.2 together, it is contemplated that jurors may need to re-hear *or re-view* evidence during their deliberations. The fact that the jurors here needed to see the defendant in person rather than merely re-examining an exhibit does not change this result. *Cf. Haynes v. State*, 180 Ga.App. 202, 349 S.E.2d 208 (1986). In allowing the jury to re-view scars on the victim, the *Haynes* court found no distinction between re-reading testimony and re-viewing demonstrative evidence.

> Our appellate courts have long recognized the general rule that the trial court has discretion to 'hear again' evidence previously presented (citations omitted). We find the trial court did not abuse its discretion in permitting the jury to 'see again' the victim's injuries she testified were inflicted by the defendant.

*Haynes*, 349 S.E.2d at 210. Although *Haynes* involved a re-viewing of the victim, a second showing of a defendant has also been allowed. *See State v. Gaston*, 412 So.2d 574 (La.1982) (jurors able to take a second view of defendant wearing tank top he allegedly wore during the offense to see if scar was visible). *Gaston* presents an even stronger case than the one before us now because Louisiana does not allow oral testimony to be read back to the jury. *Gaston* at 577. Nevertheless, the *Gaston* court held that because physical evidence,

unlike testimony, usually accompanies the jurors into the jury room, a second view would be allowed. *Id.* Thus, the *Gaston* decision illustrates that there may be an even stronger case for re-viewing evidence than for re-hearing testimony. At the very least, a provision authorizing a re-reading of testimony would not in itself imply that re-viewing evidence is not permitted.

■ The one viable objection the defendant may have complained of was that the second display gave undue emphasis to the tattoos. We find this untenable here for two reasons. First, the repeated requests of the jury and the language in the third note indicate that the tattoos were already of great importance to the jury. Secondly, the trial court cured any undue emphasis by his instruction to consider the tattoos "together with all the evidence in the case." Such an instruction is sufficient to cure any improper prominence given to one piece of evidence. *See State v. Maldonado*, 138 Ariz. 475, 478, 675 P.2d 735, 738 (App.1983).

## PROSECUTORIAL MISCONDUCT

During the second view of the defendant's tattoos, the prosecutor approached the defendant and pulled at his shirt to afford the jury a better view. Outside of the presence of the jury, defense counsel moved for a mistrial on the basis that the prosecutor's unauthorized conduct left the jury with the impression that the defendant was trying to hide his tattoos. The trial judge denied the motion for mistrial. Defense counsel did not request any curative instructions, and none were given. Defense counsel also made a motion for new trial based upon this occurrence. In denying the motion for new trial, the trial judge stated:

> What counsel for the state did was not authorized either by myself or by anyone else. I certainly didn't condone what had happened. But, considering the totality of the brief encounter that occurred in court, although I was screened and could not see exactly what she did, I feel that there was no substantial prejudice to the defendant.

Motions for mistrial, as well as motions for new trial, are within the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Mincey,* 141 Ariz. 425, 432, 687 P.2d 1180, 1187 (1984), *cert. den., Mincey v. Arizona,* 469 U.S. 1040, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984); *State v. Robles,* 135 Ariz. 92, 659 P.2d 645 (1983). The general criteria for determining whether prosecutorial misconduct requires mistrial is whether the misconduct calls attention to matters which are not properly before the jury. *Id.* In this case, the jury's attention was already focused on defendant's tattoos. Further, the prosecutor, in her closing argument, did not try to infer that the defendant was uncooperative in showing his tattoos. Even given the unusual circumstances and the unauthorized conduct of the prosecutor, the defendant has failed to show that the trial judge abused his discretion in finding that the incident did not prejudice the defendant's case.

For the foregoing reasons, the convictions and sentence are affirmed.

GREER and HAIRE, JJ., concur.