76776. WILLIAMS v. THE STATE.
(373 SE2d 40)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of incest (by engaging in sexual intercourse with his daughter). *Held*:

1. At trial defendant called as his witness, his ex-wife who was the mother of the daughter with whom he had engaged in sexual intercourse. During the course of direct examination of defendant's ex-wife, defense counsel made a number of inquiries regarding the witness' testimony at the preliminary hearing, culminating in the question: "Well, are you saying then that at the preliminary hearing you testified you felt like [defendant] was capable of murder?" At this juncture the State objected to the line of questioning on the ground that it was irrelevant to whether defendant committed the crime charged (incest) and that defense counsel was asking leading questions of his witness. The trial court sustained the State's objection.

Predicated on this ruling, defendant enumerates as error the trial court's having "sustained the State's objection to [defendant] eliciting the same testimony from the alleged victim's mother at the trial that she had given under cross-examination at the preliminary hearing, at which the State had not allowed the alleged victim to testify but had instead relied solely on the mother's testimony." The gist of defendant's labyrinthine argument in support of this enumeration is that he was in effect denied his Sixth Amendment right to counsel at the committal hearing since its value as a discovery device was compromised when the State, through the use of OCGA § 24-3-16, established probable cause at the commitment hearing without presenting

the daughter as a witness but rather through the hearsay testimony of the ex-wife, then presented the testimony of the daughter but not the ex-wife at trial. Defendant urges this court to formulate a remedial procedure for use when "the State takes advantage of OCGA [§] 24-3-16 . . . at the preliminary hearing and uses the hearsay testimony of another witness to show probable cause, that the State be prevented from utilizing the alleged victim at trial without first allowing defendant to cross-examine her as he would have been able to do if she had testified at the preliminary hearing . . ."

We find defendant's enumeration of error without factual or legal predicate and thus meritless. First, OCGA § 24-3-16 is inapplicable to the case sub judice since the daughter was 14 years-of-age or over at all relevant times. Secondly, where OCGA § 24-3-16 is applicable it does not serve as an instrument by which a defendant may be prevented from cross-examining an alleged victim who is the source of a statement repeated by the hearsay testimony of another witness. The State's objection was properly sustained.

2. Defendant also enumerates as error the trial court's sustaining the State's objection to defendant "introducing evidence of the alleged victim's sexual conduct during the same period she claimed [defendant] had sex with her, since the alleged victim testified, in effect, that she could not have had sex with anyone else during that period and since the State introduced a blood test which showed the alleged victim had a child conceived during that time period and that [defendant] could have been its father." This enumeration arises from the trial court sustaining the State's objection to defendant's attempt to introduce evidence of sexual intercourse between the daughter and a third person. Defendant urges this court to formulate a rule "that evidence of prior sexual acts between the complainant and persons other than the accused is admissible in an incest prosecution to rebut the inference that the accused was responsible for a physical condition of the complainant, such as pregnancy, which is relied upon as corroborating evidence of the alleged incestuous act." We do not reach the issue posed by defendant as the evidence excluded by the trial court's ruling involved conduct in June of 1985 approximately 13 months prior to the birth of the daughter's child and thus clearly beyond the period of gestation. Thus, the evidence at issue was not relevant to the parentage of the daughter's child and no exception to the ruling in *Estes v. State*, 165 Ga. App. 453 (1) (301 SE2d 504), extending the rape shield statute to incest cases, would be appropriate in the case sub judice.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1988.

*J. Steven Dugan*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.