A93A2365. MOBLEY v. THE STATE.
(441 SE2d 780)

BEASLEY, Presiding Judge.

Mobley was tried before a jury and found guilty of aggravated sodomy. OCGA § 16-6-2. He appeals his conviction.

The victim testified that she met appellant when he invited her and her son to his son's birthday party. He eventually began living with her. She ended the relationship after approximately two months, after becoming aware of his violent side.

About a month later, he called at about 11:00 p.m. and talked for about 20 minutes. She was in bed reading when she later heard him tap on her window. She was afraid but let him in because she was also afraid of what he would do otherwise. He began trying to kiss her, but she resisted. He said he wanted to have sex with her, but she told him she could not because of recent surgery. When he forced her to put her mouth on his penis, she bit him. He beat her in the face and head and choked her. He carried her into the bedroom and forced her to perform oral sodomy but she could not do so for long because of breathing difficulty due to the choking. Before he left, he put the bed sheet in the washing machine and wiped everything he had touched to remove his fingerprints. He told her she had no reason to call the police because there was no evidence of his having been there, and if she did call, he would burn her house and kill her.

She called the police anyway. They found her very upset and observed extensive injuries to her face and head. Photographs of the

injuries, and the testimony of the treating physician, were admitted in evidence. Photographs taken of the bite marks on appellant's penis were also admitted in evidence.

Appellant testified that it was he who ended the parties' relationship, as a result of which the victim became very upset, but he agreed to remain friends. The last time he saw her was when he cut the grass at her home the day before the incident. He was home all evening of the day in question, and the victim called him at about 8:00 or 8:30 p.m. They had an aggravated conversation and she told him she was pregnant. The marks on his penis were from his zipper, caught while in the bathroom trying to avoid exposing himself to her young son on the day he cut the grass. He suggested that her injuries may have been caused by a man she was seeing before. She had told appellant this man had beat her.

Appellant's alibi witnesses testified that they were with him at his house that evening, but they could not account for his whereabouts after about 11:45 p.m. He lives two to five minutes from the victim in the same mobile home park.

1. Appellant first alleges error in the court's grant of the State's motion in limine, contending that the rape shield statute (OCGA § 24-2-3) does not apply in cases of aggravated sodomy. He claims that it has been applied only in prosecutions for certain rape-type offenses in addition to rape, i.e., statutory rape (*Barnes v. State*, 244 Ga. 302, 306 (3) (260 SE2d 40) (1979)); incest (*Estes v. State*, 165 Ga. App. 453, 454 (1) (301 SE2d 504) (1983)); kidnapping with the bodily injury of rape (*Roberts v. State*, 158 Ga. App. 309, 310 (2) (279 SE2d 753) (1981)). However, under the facts of sexual offense cases in which the rape shield statute has not applied, it nonetheless has been held that the past sexual behavior of the victim with persons other than the defendant was not admissible as direct evidence or on cross-examination. See *Lynn v. State*, 231 Ga. 559 (1) (203 SE2d 221) (1974), a case of rape prosecuted prior to enactment of the rape shield statute; *Decker v. State*, 139 Ga. App. 707, 708 (2) (229 SE2d 520) (1976), a case of child molestation.

Here, the State's motion, patterned after but not citing the rape shield statute, sought to prohibit evidence relating to the complaining witness' past sexual behavior, except insofar as relevant to the issue of consent.

The prosecuting attorney argued that although case law does not apply the rape shield statute to aggravated sodomy, the acts of rape and aggravated sodomy are very similar. Defense counsel countered that the rape shield statute does not apply and stated that as to the sexual relationship of the victim with anyone else, he intended to briefly touch on some matters and ask a few questions which probably would be affected if the rape shield law were to apply. The court

questioned the relevancy. After learning that appellant's defense was that he was not there rather than that the victim had consented, the court granted the State's motion and excluded evidence of any sexual behavior other than between appellant and the complaining witness. Defense counsel stated that the witness was married before and had some severe problems from that, but he would not go into the sexual aspects of it. The court later opined that the rape shield statute did not apply as such, and the rape shield statutory procedures were not followed. Rather, the court exercised its discretion to restrict admission of evidence and scope of cross-examination to *relevant* issues. "The scope of cross examination is not unlimited. The extent of permissible cross examination lies within the sound discretion of the court. [Cits.] An irrelevant or immaterial line of inquiry may be curtailed. [Cits.]" *Decker*, supra at 708. As articulated in *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986), "[t]he admission of evidence is a matter which rests largely within the sound discretion of the trial court. [Cit.] Each party has a right to a thorough and sifting cross-examination of the other party's witnesses, but such right is not unfettered, and a trial court may restrict the scope of cross-examination to the issues, and its exercise of discretion will not be interfered with on appellate review unless manifestly abused. [Cit.]" Appellant did not relate any past sexual behavior of the victim with others to this incident such that it was probative of any issue. There was no abuse of discretion in excluding the evidence.

Appellant argues that he wished to elicit testimony suggesting that the victim's abusive relationship with another man accounted for her facial injuries, and that he was prohibited from conducting a thorough and sifting cross-examination of the victim concerning this non-sexual conduct. He did not make this desire known to the trial court, and he did testify on this point, to which no objection was made. The argument now offered lacks merit.

2. Appellant next urges that the court erred: (1) in allowing one of the police officers who observed the marks on appellant's penis to testify that in his opinion they appeared to be teeth marks, and (2) in denying appellant's request for a curative jury instruction.

At the trial's outset, appellant orally moved in limine that no opinion testimony concerning the bite marks be allowed, as there was no expert witness to testify to it. The State responded that this was a matter for the jury to determine from the evidence, and the court agreed. The police officer later gave the complained-of testimony on direct examination without objection. On cross-examination, the officer referred to the "bite marks," but when defense counsel corrected him by saying "alleged bite marks," the officer agreed. Appellant requested a curative instruction that whether these were in fact bite marks was for the jury to determine. The court ultimately charged

the jury that it judges the facts and is not bound or concluded by the opinion testimony of any witness.

This testimony was admissible. It was essentially his way of describing what he saw, so the jury could visualize the same physical condition. "[T]he opinion given by the [witness] was a conclusion or opinion based upon [his] personal observation of a physical fact and not an [expert] opinion. Description of one's physical observations and opinions logically flowing therefrom have long been admissible in this state. [Cits.]" *Robinson v. State*, 168 Ga. App. 569, 571 (2) (309 SE2d 845) (1983). *Robinson* held that a lay witness could testify that in her opinion bruises observed by her were caused by a shoe. In its instructions to the jury, the court gave the substance of appellant's request to charge. We find no error.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 16, 1994 —
RECONSIDERATION DENIED MARCH 7, 1994.

*Davis Cohen*, for appellant.
*Rene J. Martin III, District Attorney, Richard A. Mallard, Assistant District Attorney*, for appellee.