## 54274. MYERS v. THE STATE.

WEBB, Judge.

Myers appeals his conviction for the offenses of burglary and possession of tools for the commission of crime, enumerating as error (1) the "general grounds" of a motion for new trial, (2) the charge on recent possession of stolen property shifted the burden to him, and (3) the failure of the court to charge on criminal trespass. There is no merit to any of these contentions and we affirm.

1. Appellate courts consider only the sufficiency, not

the weight, of the evidence. The weight of the evidence is for the jury, and there was ample evidence to support the verdict. *Brooks v. State,* 141 Ga. App. 725 (12) (234 SE2d 541) (1977) and cits.

2. The charge by the trial court that possession by the accused of recently stolen property "would be a circumstance from which the jury would be authorized to infer guilt, if the jury saw fit to do so, unless the defendant should make an explanation of the stolen property" is supported by *Thomas v. State,* 237 Ga. 690 (229 SE2d 458) (1976); *Parrish v. Hopper,* 238 Ga. 468 (1) (233 SE2d 161) (1977).

3. Here the accused never raised the issue of criminal trespass and made no written request for a charge thereon. He testified that he never entered the apartment from which the goods were stolen. There was no error in the failure to charge on criminal trespass.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 26, 1977.

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.