## 55122. ALLEN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of burglary. *Held:*

1. Admission of defendant's confession is enumerated as error. The trial court held a Jackson-Denno hearing and ruled the pre-trial statement was voluntarily given after he was advised of his Miranda rights. "Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). The court's ruling is supported by the evidence of record.

2. The trial court did not err in overruling defendant's motion for a new trial based on the general grounds. In addition to defendant's confession to the offense, he was seen in the company of the other defendants who participated in the burglary. Three of the 25 weapons taken from the burglarized store were found in the home of one of the co-defendants and that co-defendant's mother saw the defendant with her son in her home before and after the burglary. We find that the direct and circumstantial evidence taken together, is sufficient to satisfy the requirements of Code Ann. § 26-801 (CCG § 26-801; Ga. L. 1968, pp. 1249, 1271) that the defendant did aid and abet the other criminal actors in carrying out the burglary charged. Thus, he may be convicted of the commission of that crime. *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854); *Lundy v. State,* 130 Ga. App. 171 (1) (202 SE2d 536).

On appeal in passing on the sufficiency of the evidence, we are to afford evidence that view which is most favorable to the appellee, "for every presumption and every inference is in favor of the verdict." *Peluso v. State,* 139 Ga. App. 433, 434 (228 SE2d 395). The jury is the final arbiter of conflicts in the evidence—in this instance, the alibi of the defendant and the evidence of his guilt. The jury resolved the issue against the defendant and there being evidence to support the verdict, the court did not err in rendering judgment on the verdict and

denying defendant's motion for a new trial.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED JANUARY 12, 1978 — DECIDED MARCH 2, 1978 — REHEARING DENIED MARCH 28, 1978 — CERT. APPLIED FOR.

*Hurt & Pfeiffer, Guy D. Pfeiffer,* for appellant.

*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.