## 34318. LAMAR v. THE STATE.

JORDAN, Justice.

The appellant was convicted of the forcible rape of a 13-year-old female and appeals.

1. The appellant challenges the constitutionality of Georgia's rape statute as being violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution. The appellant shows that under Code Ann. § 26-2001 only males are subject to criminal liability: "A person commits rape when he has carnal knowledge of a female, forcibly and against her will. . ." According to the appellant, this statute creates a gender based classification and discriminates against males on its face.

The United States Supreme Court has declined to place sex in a category with race, as a suspect classification. Frontiero v. Richardson, 411 U. S. 677 (93 SC 1764, 36 LE2d 583) (1973). However, "to withstand scrutiny under the equal protection clause, classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." Orr v. Orr, — U. S. —- (99 SC 1102, 1111)

(1979). A classification by gender "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation . . ." Reed v. Reed, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971). Certainly the distinction between male and female in Georgia's rape statute is reasonable. The difference recognized by the statute is a physiological reality, and the objective serves a public purpose in preventing sexual attacks upon women, with the resulting physical injury, psychological trauma and possible pregnancy. "The equality of the sexes expresses a societal goal, not a physical metamorphosis. It would be anomalous indeed if our aspirations toward the ideal of equality under the law caused us to overlook our disparate human vulnerabilities." Brooks v. State, 24 Md. App. 334, 339 (330 A2d 670) (1975). We find no merit in the appellant's contention. See *Coker v. State,* 234 Ga. 555, 558 (216 SE2d 782) (1975).

2. The appellant enumerates as error the action of the trial court in sustaining the state's objection to a question by defense counsel as to the victim's prior sexual experience. In this regard the appellant claims that Code Ann. § 38-202.1, which makes the past sexual behavior of the complaining witness inadmissible, is in direct conflict with Code Ann. § 38-1705, which provides for thorough and sifting cross examination. Code Ann. § 38-202.1 allows questions concerning past sexual conduct (1) if said behavior "directly involved the participation of the accused" or (2) if such evidence supports the inference that the accused could have reasonably believed that the conduct of the complaining witness was consensual. Since the appellant had known the victim for only one hour before the alleged rape occurred, he could not have had any prior contact with her. Also, in that short time, it is unlikely that the appellant would discover any past sexual activity on the part of this youthful victim that could justify his claim that she consented to intercourse. The two exceptions to Code Ann. § 38-202.1 are exclusive. Therefore, this enumeration is without merit.

3. The trial court charged the jury to first consider whether the defendant was guilty of rape and to consider his guilt or innocence of child molestation only if it found

him not guilty of rape. The appellant assigns error to this charge, asserting that because of interference from the court the jury was not allowed freedom to choose which offense, if any, to convict him of. The charge complained of merely suggested the order in which the offenses should be considered. An accused may be prosecuted for both rape and child molestation based upon the same conduct, but he may not be convicted of both. Code Ann. § 26-506; *Pryor v. State*, 238 Ga. 698 (234 SE2d 918) (1977). Therefore, the court was justified in preventing the jury from needlessly considering the charge of child molestation if they found the appellant guilty of rape.

4. The trial court did not err in charging the jury that a unanimous verdict was required and that a mistrial would be required if such agreement was not unanimous.

5. Appellant enumerates as error the failure of the court to charge the jury on the crime of adultery, as a lesser offense included in the crime of rape. Adultery is not included in the offense of rape. A crime is included when "it is established by proof of the same or less than all the facts. . ." Code Ann. § 26-505. In order to prove adultery, the additional fact of marriage must be shown. Since adultery is not an included offense, it was not error for the court to refuse to give the requested charge.

6. The appellant assigns error to the failure of the trial court to charge the jury regarding mistake of fact. Since the appellant was found not guilty of child molestation, any mistake regarding the victim's age has been rendered moot. The appellant suggests that he was mistaken as to whether or not the victim consented. However, the jury found the appellant guilty of forcible rape, after proper instruction by the trial court. The element of force negates any possible mistake as to consent. This enumeration has no merit.

7. The appellant asserts that the evidence was insufficient to support the verdict. The victim's testimony was corroborated in all material respects. Although the appellant asserted that the victim voluntarily submitted to the intercourse, the jury resolved this conflict in favor of the state. This court will not substitute its judgment for that of the jury. *Glover v. State*, 237 Ga. 859 (230 SE2d 293) (1976).

8. The trial judge did not err in overruling the motion for new trial.

*Judgment and sentence affirmed. All the Justices concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED APRIL 4, 1979.

*Hubert E. Hamilton, III,* for appellant.

*W. Donald Thompson, District Attorney, Willis Sparks, III, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.