## 57471. COLEMAN v. THE STATE.

DEEN, Chief Judge.

John Coleman appeals from his conviction of armed robbery and his twenty-year sentence in a state penal institution.

1. Appellant contends that it was error for the trial court to deny his request for a hearing outside the presence of the jury on the question of tainted in-court identification. Appellant's reliance on *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330) (1973) is misplaced. In that case, counsel made a timely motion prior to trial and requested such a hearing several times during the trial. As a result of the denial of his request, lengthy examinations of matters not directly involving the guilt or innocence of the accused were conducted in the presence of the jury which were highly prejudicial. Here, we find that the failure to dismiss the jury was harmless error. At trial, the victim positively identified appellant as the man who robbed him. Where in-court identification is independent of lineup identification, the admission into evidence of in-court identification is not error. *Brinks v. State,* 232 Ga. 13 (205 SE2d 247) (1974).

2. Appellant next contends that the trial court erred in denying his motion to quash the victim's identification of him because the showing of photographs and the subsequent one-on-one confrontation were a violation of his due process rights. The victim testified that he went to the police station after the robbery, viewed between six and a dozen photographs, selected appellant's picture and shortly thereafter identified him in a one-on-one confrontation. While one-on-one confrontations between an eyewitness and a suspect have been condemned, "a violation of due process of law in the conduct of the confrontation depends on the totality of the circumstances." Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199) (1967). This court has held that a photographic array can be suggestive when used close in time to a lineup, but when the record is devoid of specifics which would substantiate a claim of misidentification and the witness is able to identify appellant from the array, the procedure is not impermissibly suggestive. *Thornton*

*v. State,* 238 Ga. 160 (231 SE2d 729) (1977). Applying these rules to the present case, we find that appellant was not denied due process by the one-man show-up shortly after the victim selected his photograph as that of the man who robbed him, and the one-man show-up was conducted in a room at the police station within approximately one and one-half hours after the robbery. The in-court identification was admissible for the reason stated in Division 1.

3. Appellant's contention that the weight of the evidence was contrary to the verdict cannot be considered on appeal. Appellate courts consider only the sufficiency of the evidence, the weight of the evidence is solely within the province of the jury. *Myers v. State,* 143 Ga. App. 312 (238 SE2d 285) (1977). The evidence in this case was sufficient to support the jury verdict.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED MARCH 8, 1979 — DECIDED JUNE 7, 1979 —
REHEARING DENIED JUNE 22, 1979 —

*George A. Markert,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.