## 64184. SCOTT v. THE STATE.

Banke, Judge.

In this appeal from his conviction for burglary, the defendant contends that he was prejudiced by the introduction of evidence of two prior offenses he had committed. *Held:*

1. As a general rule, evidence of other criminal acts committed by the accused is inadmissible, as it tends to place his character in issue. See generally Code § 38-202; *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). However, such evidence is admissible where relevant for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct, provided that the accused is identified as the perpetrator and that the other crimes are similar or logically connected to the crime for which he is being tried, so that proof of one tends to prove the other. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980).

The burglary for which the defendant was being tried took place at an auto parts store near downtown Atlanta, on March 21, 1981. Police arrived at the scene at about 2:00 a.m. in response to a silent burglar alarm, at which time the arresting officer observed an opening in a rear window which had previously been covered with wire mesh held in place by wood two-by-fours. The defendant was arrested as he crawled out of this opening, headfirst. He was not in possession of any stolen property.

The arresting officer testified that he had arrested the defendant for burglary on two previous occasions, most recently at a supermarket on November 2, 1980. As in the case under consideration now, police were summoned to the scene by a silent burglar alarm, whereupon they discovered that an opening had been made in a rear window by pulling away some wire screen. As they watched, the defendant proceeded to dump a cartful of groceries through this hole and then began to crawl out headfirst. He later pled guilty to burglary in connection with this offense.

The arrest for the other prior offense took place during the early morning hours of July 27, 1980. The officer testified that he heard a burglar alarm as he was patrolling past a child care center and, upon investigation, found that a heavy wooden door leading into the building had been forced open. Finding no one inside, he secured the door and left. However, he returned to the scene at about 5:30 or 5:45 a.m., at which time he observed the defendant seated next to the door holding a tape recorder which was shown to have been taken from inside the building. The defendant was indicted for both burglary and attempted burglary following this arrest. He pled guilty to the charge of criminal attempt, and the burglary charge was placed upon

the dead docket. There was evidence that all three buildings which the defendant was arrested for entering (the auto parts store, the supermarket, and the child care center) were located in the same section of the city, only a few minutes by foot from his home.

There is no question that the *modus operandi* of the supermarket burglary was similar to that of the burglary for which the defendant was on trial. In both cases, he entered through a rear window by removing a wire screen, in both cases he tripped a silent burglar alarm, and in both cases he was arrested as he attempted to crawl back out the opening. We conclude, therefore, that a logical connection existed between these two offenses, sufficient to render the prior offense relevant and admissible for the purpose of establishing the defendant's criminal intent in the case for which he was on trial. The similarity of the facts shown in connection with the defendant's conviction for the attempted burglary of the child care center is much less readily apparent. However, since his conviction for the supermarket burglary was properly admitted, and since the circumstances of his arrest at the auto parts store left very little question about his guilt, we conclude that any error in admitting evidence of this second prior offense was harmless, i.e., it is "highly probable" that the evidence did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. In proving a prior offense for the purpose of proving identity, bent of mind, course of conduct, etc., it is perfectly proper to introduce a certified copy of the indictment and the plea or verdict of guilty. Accord *Rakestraw v. State,* 155 Ga. App. 563, 564 (271 SE2d 696) (1980). Such documents contain no declarations which could be considered analogous to testimony, and consequently there is no prohibition against allowing them to go out with the jury. Compare *Proctor v. State,* 235 Ga. 720, 722-725 (221 SE2d 556) (1975); *Walker v. State,* 215 Ga. 128, 129 (2) (109 SE2d 748) (1959); *Shedden v. Stiles,* 121 Ga. 637 (4) (49 SE 719) (1904).

3. The trial court did not err in denying the defendant's motion for mistrial following the officer's testimony that a special burglar alarm had been installed in the auto parts store after several previous break-ins. The defendant was not implicated in any way in these offenses; and consequently, the testimony was not prejudicial to him.

*Judgment affirmed. McMurray, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JUNE 11, 1982.

*Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen*

*Moye, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.