### 63464. TREMBLE v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of rape and aggravated sodomy.

1. Appellant contends that the trial court erred in permitting him to be tried by a jury who had viewed the film "How Do You

Find?", a pretrial orientation film shown to prospective jurors. We have reviewed the film in its entirety and find appellant's enumeration of error wholly without merit.

2. Appellant contends that the trial court erred in refusing to allow cross-examination on the existence of pubic hairs found on the victim inconsistent with those of appellant and the victim. The trial court excluded the evidence on the basis of Code Ann. § 38-202.1, the Rape Shield Statute. We find no error.

The victim positively identified appellant as the man who raped her. Appellant is black; the victim is white. On cross-examination, the victim was asked the following question: "Now, Peggy, this lab report revealed that they found dark brown caucasian pubic hairs inconsistent with your pubic hairs. Can you explain that?" This question was clearly intended to elicit testimony regarding the victim's past sexual behavior under Code Ann. § 38-202.1 (a) and is not admissible unless appellant complies with the statutory requirements of Code Ann. § 38-202.1 (b). Appellant did not notify the court of his intention to elicit testimony of the victim's past sexual behavior. The statute provides the exclusive means for admitting such testimony and it was, therefore, properly excluded. *Johnson v. State,* 146 Ga. App. 277, 280 (246 SE2d 363) (1978).

3. Appellant also contends that the trial court erred in refusing to charge the jury on the lesser included offenses of simple assault and simple battery. Appellant argues that because there was a mark on the victim's neck indicating that appellant had assaulted her it was error for the trial court to fail to give his requested charge.

"An assault, or assault and battery, is necessarily involved in every case of rape. [Cits.] In all cases where the defendant is charged with rape, and where the evidence under any view thereof, would authorize a conviction for a lesser offense necessarily involved in the graver charge, the jury should be instructed that he may be convicted of the lesser offense. [Cits.] Where all of the evidence shows either the completed offense of rape as charged, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense. [Cits.]" *Sims v. State,* 203 Ga. 668, 670 (47 SE2d 862) (1948); *Hardy v. State,* 159 Ga. App. 854, 859 (285 SE2d 547) (1981).

There is no evidence in this case that the victim consented to the sexual acts performed on her by appellant. Appellant's defense, being based on the victim's consent, was essentially that no offense occurred. The physical harm that occurred in this case was as a result of rape and aggravated sodomy, the completed offenses, as charged. Under the circumstances it was not error for the trial court to refuse to charge on simple battery and simple assault. See *Hardy v. State,*

supra, p. 859.

4. Finally, appellant contends that the trial court erred in refusing to allow his parents to assist in the jury selection. Appellant is 25 years old. Such matters are within the sound discretion of the trial court and unless abused will not be controlled by the appellate courts. *White v. State,* 230 Ga. 327, 336 (5) (196 SE2d 849) (1973). We find no abuse of discretion here.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JUNE 30, 1982 —

*Cletus W. Bergen II,* for appellant.

*Spencer Lawton, Jr., District Attorney, William A. Dowell, David T. Lock, Assistant District Attorneys,* for appellee.