66731. COGGINS v. THE STATE.

BANKE, Judge.
The defendant was convicted in Tattnall County of the offense of mutiny in a penal institution. He was an inmate at Reidsville State

Prison at the time of the offense and was represented *pro se* at trial. *Held:*

1. In his initial assignment of error, the defendant contends that his motion for a preliminary hearing was improperly denied. The defendant's indictment on October 19, 1982, preceded his motion for a preliminary hearing on November 9, 1982. "[A]fter indictment and subsequent conviction the lack of a [preliminary] hearing will not be construed as reversible error." *State v. Middlebrooks,* 236 Ga. 52 (2) (222 SE2d 343) (1976); *Anderson v. State,* 249 Ga. 132 (4) (287 SE2d 195) (1982).

2. Defendant's contention that the constitutional prohibition against double jeopardy was violated because he had already been subjected to administrative punishment for the same act is without merit. *Carruth v. Ault,* 231 Ga. 547 (203 SE2d 158) (1974); *Hendrickson v. State,* 159 Ga. App. 628 (1) (284 SE2d 645) (1981).

3. During *voir dire,* upon general qualification questioning by the state's attorney, one of the jurors remarked that "it's a waste of my time and the court's time to be here." The trial court disqualified the juror and excused him. The defendant maintains on appeal that the trial court should have declared a mistrial even though he interposed no objection whatsoever to the juror's comment or the court's action. It is well settled that this court will not consider issues raised for the first time on appeal. See *Perault v. State,* 162 Ga. App. 294 (2) (291 SE2d 122) (1982).

4. The trial court properly received evidence that the defendant was confined as the result of a conviction for armed robbery and kidnapping. This status was a necessary element of the offense of mutiny in a penal institution. The evidence was both relevant and admissible to prove this fact. See *Hendrickson v. State,* supra at 629, Division 5. The trial court also received evidence, over objection, that the defendant had previously been convicted of three counts of mutiny in a penal institution. "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Such evidence is admissible to prove "identity, bent of mind, course of conduct, etc. [and] it is perfectly proper to introduce a certified copy of the indictment and the plea or verdict of guilty." *Scott v. State,* 162 Ga. App. 541 (2) (292 SE2d 125) (1982).

In the case before us, the offense charged involved an assault upon a corrections officer with intent to cause serious bodily injury.

The previous convictions admitted in evidence were also for assaults upon corrections officers with intent to cause serious bodily injury. These assaults took place some 18 months prior to the date of the offense charged and were sufficiently similar to the offense being tried so that proof of the former tended to prove the latter. See generally *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1983.

Joseph Coggins, *pro se.*

Dupont K. Cheney, *District Attorney,* Harrison Kohler, *Assistant District Attorney,* for appellee.