## 66865. FULLER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of rape and kidnapping. On appeal he contends the trial court erred (1) by refusing to allow appellant to

impeach the complaining witness with evidence of a prior conviction involving moral turpitude; (2) by refusing to allow appellant to introduce evidence of past sexual offenses committed by the complaining witness, thereby depriving appellant of his defense of consent; and (3) by charging the jury that simple battery was a lesser offense of rape.

Appellant and his brother abducted the victim at knife point from a bus stop. Appellant's brother then raped the victim in the back seat of the car; they then drove to a wooded area where the victim was raped by both appellant and his brother.

1. Appellant contends the trial court erred by refusing to let him impeach the victim by evidence of a prior conviction of a crime involving moral turpitude, and by refusing to let him introduce evidence of past sexual offenses to show that appellant believed the victim consented to the acts of which she complained. Since both alleged errors involved past sexual misconduct by the victim, they will be discussed together.

At an in camera hearing appellant sought permission to cross-examine the victim about her arrests, and one conviction, for various sexual offenses such as prostitution and running a disorderly house. The request was denied and appellant contends this was error, as he was denied his right to a thorough cross-examination of the victim and deprived of his defense that the victim consented to the acts of sexual intercourse. These contentions are without merit.

OCGA § 24-2-3 (a) (Code Ann. § 38-202.1) provides that in any prosecution for rape, evidence relating to past sexual behavior of the complaining witness is not admissible, either as direct evidence or on cross-examination of the complaining witness, except as provided in § 24-2-3 (Code Ann. § 38-202.1). Section 24-2-3 (b) authorizes the introduction of such evidence if the past sexual behavior directly involved the participation of the accused, or the evidence supports an inference that the accused could have reasonably believed the complaining witness consented to the acts complained of in the prosecution.

In the instant case the past sexual behavior of the complaining witness did not involve the accused, and thus, is not admissible under the first exception in § 24-2-3 (b) (Code Ann. § 38-202.1). Further, appellant had never seen or known the victim prior to her abduction, and under such circumstances evidence of past sexual activity is not admissible on the question of consent. *Lamar v. State,* 243 Ga. 401, 402 (2) (254 SE2d 353) (1979). Thus, the evidence was not admissible under the second exception set forth in § 24-2-3 (b) (Code Ann. § 38-202.1). We have held that OCGA § 24-2-3 (Code Ann. § 38-202.1) provides the *exclusive* means for admitting evidence relating to the

past sexual behavior of the complaining witness in prosecutions for rape, and "[t]he res gestae rule, impeachment techniques and other traditional means for introducing evidence which is otherwise inadmissible can have no effect in this situation." *Johnson v. State,* 146 Ga. App. 277, 280 (2) (246 SE2d 363) (1978); *Lamar,* supra.

2. Appellant contends the trial court erred by charging that simple battery was a lesser offense of rape in this case. Appellant argues that the only evidence of simple battery was evidence of scratches on the victim's back caused by lying unclothed on a gravelled area. Thus, argues appellant, if the sexual intercourse was consensual the consent would extend to the scratches received, as the victim was equally to blame. This same contention has been decided adversely to appellant in *Hardy v. State,* 159 Ga. App. 854, 859-860 (285 SE2d 547) (1981), and is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1984.

*Robert M. Goldberg, Charles M. Taylor II,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.