DECIDED MARCH 5, 1984.

*Donald E. Loveless*, for appellant.
*Theodore H. Lackland*, for appellee.

## 67730. McNEESE v. THE STATE.

McMURRAY, Chief Judge.

This case involves the conviction and sentence for the offense of rape in two counts with reference to separate victims. This is the second appearance of this case in this court. See in this connection *McNeese v. State*, 167 Ga. App. 770 (307 SE2d 303), in which this court dismissed the first appeal because same was not timely filed. Whereupon the defendant sought an out of time appeal of these felony convictions, and the trial court issued an order, for good and sufficient reason, allowing the out of time appeal. We, therefore, proceed to the consideration of this appeal. *Held*:

1. Our first consideration is with reference to the sufficiency of the evidence inasmuch as the defendant has enumerated error to the denial of his general grounds for new trial and in failing to grant a directed verdict because of the state's failure to prove venue. There was testimony in the record by one of the victims that they were picked up at a dormitory at a college in Fulton County by two men in an automobile for the purpose of showing them some jeans. They were transported to a wooded area after passing through Buckhead (the victim remembering seeing signs of that place), and she testified she knew she was still in Fulton County since it was not that far from the signs of Buckhead where they were raped. As there was no evidence to the contrary, slight evidence as to venue is sufficient. See *Dixon v. State*, 150 Ga. App. 305 (2) (257 SE2d 387); *Whitfield v. State*, 159 Ga. App. 398, 399 (2) (283 SE2d 627). The question of venue is for the jury to decide, and the jury's decision will not be set aside where there is any evidence to support it. See *Johns v. State*, 239 Ga. 681, 682 (1) (238 SE2d 372); *Etchison v. State*, 149 Ga. App. 866 (1) (256 SE2d 148). The totality of the evidence showed that two female college students were forced to have sexual intercourse with two men who lured them into an automobile by an offer to sell them blue jeans by taking them out to a wooded area even though no outcry was made until they were returned to their dormitory where they reported the crimes. The jury apparently chose to believe the state's witnesses and not the defendant. The credibility of the witnesses is entirely within the province of the trier of fact, the jury in the case sub judice. See *Jones v. State*, 147 Ga. App. 296 (248 SE2d 557); *McCane v. State*,

147 Ga. App. 730 (1) (250 SE2d 181). The jury in this case is also the final arbiter of any conflicts in the evidence despite the defendant's denial of guilt with his plea of not guilty and the attempt to set up an alibi. See *Allen v. State*, 145 Ga. App. 426 (243 SE2d 626). After a careful review of the entire record and transcript we find that a rational trier of fact, the jury in the case sub judice, could reasonably have found from the evidence adduced at trial proof of guilt beyond a reasonable doubt with reference to both counts. The evidence disclosed that this defendant raped both of the victims during the time they were under the control of the two men. Accordingly, there is no merit in any of the enumerations of error shown above. See *Moses v. State*, 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State*, 246 Ga. 648 (272 SE2d 348); *Caffo v. State*, 247 Ga. 751, 754 (1) (279 SE2d 678); *Valenzuela v. State*, 157 Ga. App. 247, 249-250 (2) (277 SE2d 56); *Castleberry v. State*, 152 Ga. App. 769, 770 (264 SE2d 239).

2. We next consider whether the trial court erred in overruling and denying a motion to suppress the lineup and pretrial identification of this defendant and erred in failing to suppress the in-court identification of defendant the same allegedly being tainted because of the suggestive one on one confrontation followed immediately by a lineup. First of all, a photo lineup was conducted and a possible identification was made by one of the victims who looked through seven photographs and identified the defendant as her assailant. The other victim stated that defendant had a strong resemblance to a person she knew and thereafter the defendant was arrested. The victims were brought to the police station for a physical lineup, and these victims made a positive identification of this defendant in the lineup, and they based their in-court identification upon their view of the defendant at the time of the offense and the in-court identification was independent of any other identification. This evidence was correctly admitted. See *Coleman v. State*, 150 Ga. App. 380 (2) (258 SE2d 12); *McClesky v. State*, 245 Ga. 108, 110-112 (2) (263 SE2d 146).

3. Testimony was offered as to four similar transactions involving victims who were students at the university complex who lived in dormitories all of which were enticed into meeting this defendant outside the dormitory at night by offers of discounted goods. All were taken by the defendant in an automobile to a wooded area which most of the victims recognized as near Bankhead Highway. Other elements of the crime were also similar, and this defendant was identified as the perpetrator in every instance. Independent crimes were admissible to show identity, motive, plan, scheme, bent of mind and course of conduct. See in this connection *Cook v. State*, 157 Ga. App. 23 (2) (276 SE2d 84); *Bissell v. State*, 157 Ga. App. 711 (2) (278 SE2d 415); *Davis v. State*, 158 Ga. App. 549, 553 (7) (281 SE2d 305); *Jones v. State*, 159 Ga. App. 634 (1), 635-637 (284 SE2d 651); *Brown v. State*, 250

Ga. 66, 73 (5) (295 SE2d 727). Defendant contends that the trial court should have been required to hear witnesses concerning the similar transactions in camera prior to their testimony before the jury. However, the evidence certainly was proper as shown above, and we find no merit in any of defendant's complaints in regard to the requirement of an in camera hearing.

4. In response to a question of the defendant's mother on cross-examination in which she was attempting to establish an alibi, she replied "See, sir, as you know, my son's already on probation . . . in other words he wasn't supposed to be out at a certain time of night." The trial court did not err in overruling the motion for mistrial since the same was volunteered by a witness for the defense. The defendant did not request that the witness be admonished and the jury instructed to disregard the testimony, hence no ground for a mistrial appears. See *Ellis v. State*, 145 Ga. App. 656 (244 SE2d 607); *Coile v. State*, 161 Ga. App. 51 (288 SE2d 859); *Morgan v. State*, 161 Ga. App. 484 (287 SE2d 739); *Lee v. State*, 154 Ga. App. 562 (269 SE2d 65); *Holcomb v. State*, 130 Ga. App. 154 (202 SE2d 529). Further, since the evidence disclosed a number of other crimes committed by the defendant as similar transactions it is highly doubtful that the revelation that the defendant was on probation at one time contributed to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869); *Scott v. State*, 162 Ga. App. 541, 542 (1) (292 SE2d 125).

5. The defendant presented evidence to show that he had gonorrhea on a certain date. In rebuttal the state called the victims to testify that they contracted gonorrhea after they were raped by the defendant. On cross-examination the defendant sought to ask the victims about their previous sexual contacts and upon the state's objection it was sustained. Evidence as to the sexual behavior of the victim is not admissible. See OCGA § 24-2-3 (a) (formerly Code Ann. § 38-202.1 (Ga. L. 1976, p. 741)). The evidence submitted with reference to gonorrhea did not support an inference that the victims consented to the defendant's conduct, and the defendant did not reach any of the statutory requirements for introduction of evidence of the victims' past sexual conduct. See OCGA § 24-2-3 (b) (formerly Code Ann. § 38-202.1); *Grant v. State*, 160 Ga. App. 837, 838 (1) (287 SE2d 681); *Roberts v. State*, 158 Ga. App. 309 (279 SE2d 753); *Myers v. State*, 160 Ga. App. 685, 686 (2) (288 SE2d 27); *Tremble v. State*, 162 Ga. App. 761 (292 SE2d 442); *Lamar v. State*, 243 Ga. 401, 402 (2) (254 SE2d 353).

6. The defendant contends the trial court erred in failing to charge the jury on alibi. No written request to charge on alibi was made. His mother did testify that he went to his room about 9:00 or 10:00 p.m. and that as far as she knew he did not go out that night. The claimed defense of alibi was somewhat vague and did not pre-

clude the possibility that the defendant could have left the house without his mother's knowledge. Without a written request it was not error to fail to charge on alibi. See *Patrick v. State*, 245 Ga. 417, 422 (7) (265 SE2d 553); *McGee v. State*, 159 Ga. App. 763, 765 (2) (285 SE2d 224); *Dixon v. State*, 157 Ga. App. 550 (1) (278 SE2d 130). The trial court did charge the jury on identity which was virtually the same defense as alibi. See *Newby v. State*, 161 Ga. App. 805, 807 (3) (288 SE2d 889). This enumeration of error is not meritorious.

7. The remaining enumeration of error by this defendant is that the trial court erred in charging on consent in that consent was not in evidence and therefore it was prejudicial and harmful. However, the charge on consent was given as the court was explaining or defining "against her will," an element of the crime of rape. Further, if the trial court had charged consent as a defense such a charge would have been authorized by the evidence since these victims had agreed to meet the defendant and ride with him in his car, and the jury could conceivably have found that they consented to sexual intercourse. The charge is applicable where there is any evidence however slight on which to predicate it. See *Williams v. State*, 156 Ga. App. 17, 18 (2) (274 SE2d 71). There is no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984.

*Christine A. Van Dross*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, Margaret V. Lines, Assistant District Attorneys*, for appellee.