77465. JONES v. THE STATE.
(379 SE2d 189)

BEASLEY, Judge.

Defendant appeals his conviction for rape, OCGA § 16-6-1. Defendant contends the trial court erred: in ruling that Georgia's Rape Shield Statute, OCGA § 24-2-3, precluded him from impeaching the victim's statement because the "door was opened" by other evidence; by permitting the introduction of a knife into evidence which was not properly identified; in not granting a new trial because of poor courtroom acoustics; in denying the motion for new trial.

1. Under OCGA § 24-2-3 evidence of the past sexual behavior of the complaining witness is admissible where, during an in camera hearing, the trial court finds the accused could have reasonably believed that the victim consented to the conduct of which complaint was made.

The victim, a fourteen-year-old female at the time, visited defendant's hotel room at around 6:00 a.m. on January 14, 1988. Defendant had told the victim that he would help her run away from home. Shortly after her arrival, according to the victim, defendant by means of a sharp instrument, either a knife or a fingernail file, forced her despite her resistance to submit to sexual intercourse. Defendant, although he at first denied any contact with the victim, contended that she willingly came to him and that the intercourse was consensual.

In developing his consent defense, defendant sought a hearing under the Rape Shield Statute and offered to show that the victim was not a virgin as she indicated to the examining physician and that she had engaged in sexual intercourse with three young men. After a hearing, the trial court forbade the introduction of evidence as outlined but permitted evidence of conversation between defendant and the victim concerning tattoos on his body and anything involving possible sexual participation between the two.

OCGA § 24-2-3 "is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused." *Harris v. State*, 257 Ga. 666, 667 (1) (362 SE2d 211) (1987), quoting from *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672) (1978).

Because there was no evidence concerning sexual behavior by the victim which directly involved participation of defendant, the only basis for permitting evidence of past sexual conduct was that it sup-

ported the inference that the accused could have reasonably believed that the conduct of the complaining witness was consensual. OCGA § 24-2-3; *Lamar v. State*, 243 Ga. 401, 402 (2) (254 SE2d 353) (1979). Defendant had no knowledge of the alleged conduct between the victim and three young men. See *Roberts v. State*, 158 Ga. App. 309, 311 (2) (279 SE2d 753) (1981).

Defendant argues that he should be able to attack her credibility because of her alleged statements to an examining physician concerning her lack of sexual experience. However, she offered no such testimony, nor was her purported statement to the doctor to that effect ever brought to the jury's attention. The doctor did not testify and defendant was not deprived of the right of cross-examination, confrontation and impeachment. *Harris*, supra. Had the victim in fact represented at trial that she was a virgin prior to her encounter with defendant, evidence of her prior sexual activity would have been admissible for impeachment. See *Villafranco v. State*, 252 Ga. 188 (2) (313 SE2d 469) (1984).

An issue regarding consent does not per se nullify the victim's right to protection from harassing questions as furnished by the act. The two exceptions contained in the code section are exclusive. *Lamar*, supra at 402. See *Fuller v. State*, 169 Ga. App. 488, 489 (1) (313 SE2d 505 (1984).

2. Defendant contends error in the admission of a knife into evidence which was admittedly merely similar to one found in possession of defendant when he was arrested.

As recognized in *Paxton v. State*, 160 Ga. App. 19, 23 (6) (285 SE2d 741) (1981): "Georgia's case law is replete with holdings that articles which are similar to ones used in a crime but are not identical are nevertheless admissible." See, e.g., *Evans v. State*, 228 Ga. 867, 870 (4) (188 SE2d 861) (1972); *Davis v. State*, 230 Ga. 902 (5) (199 SE2d 779) (1973); *Jung v. State*, 237 Ga. 73, 74 (1) (226 SE2d 599) (1976); *Duvall v. State*, 238 Ga. 325, 326 (232 SE2d 918) (1977); *Gunn v. State*, 245 Ga. 359, 362 (4) (264 SE2d 862) (1980). However, that case then held that the weapon in question must be one in possession of or belonging to the accused and that the State could not introduce a gun which merely resembled the description given by the victim. There the victim testified that the gun was similar to the one which the accused held on her. See *Cunningham v. State*, 248 Ga. 835, 837 (4) (286 SE2d 427) (1982). Compare *Fields v. State*, 167 Ga. App. 816, 817 (2) (307 SE2d 712) (1983).

The knife in this case was not in any way connected with defendant but according to the arresting officer's testimony was similar to the one he found in defendant's possession at the time of arrest. As to the reason for the absence of the actual knife, the officer explained he gave it to another individual present at the scene who thereafter lost

it. Under *Paxton*, supra, the knife was inadmissible. But the question remains whether its admission was so harmful as to require a new trial. "[H]arm, as well as error, must be shown for reversal." *Wood v. State*, 243 Ga. 273, 274 (253 SE2d 751) (1979).

Defendant admitted possession of a pocketknife, described it and pointed out the ways in which it was dissimilar from the one offered in evidence. Under these circumstances, there was no harmful error. *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972); *Lynn v. State*, 181 Ga. App. 461, 464 (2) (352 SE2d 602) (1987). See *Green v. State*, 177 Ga. App. 179, 180 (1) (338 SE2d 761) (1985); *Gunn*, supra.

3. Any issue as to unacceptable acoustics in the courtroom was not raised as such at the trial. When the defendant's difficulty with hearing was complained of midway through the trial and the request was made for witnesses to speak louder, the court acceded and asked counsel to advise if it again became a problem. This curative action apparently resolved the matter at trial, and no further complaint about defendant's hearing was made until the motion for new trial. If it had persisted, defendant should have made this fact known either to his attorney or to the court at the time. "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal." *Pulliam v. State*, 236 Ga. 460, 465 (224 SE2d 8) (1976). "[A] party cannot during the trial ignore what he thinks is an injustice, take his chance on a favorable verdict, and complain later." *Timberlake v. State*, 246 Ga. 488, 497 (4) (271 SE2d 792) (1980); *Joyner v. State*, 208 Ga. 435 (2) (67 SE2d 221) (1951).

In any event, this ground of the motion for new trial has never been substantiated by affidavit or otherwise.

4. The remaining enumerations of error are basically repetitions of the above grounds and are without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 22, 1989.

*Mikele S. Carter*, for appellant.
*Michael H. Crawford, District Attorney, E. J. McCollum, Assistant District Attorney*, for appellee.