A90A0447. MOORE v. THE STATE.
(395 SE2d 13)

McMurray, Presiding Judge.

Defendant Moore appeals his conviction of rape, aggravated assault, and aggravated sodomy. The sole enumeration of error addresses the exclusion of the testimony of two defense witnesses. *Held*:

The victim testified that on the night of August 3, 1987, she went to the 121 Club, where she met the defendant, whom she had not previously known. After talking with the defendant until the time of closing, around twelve o'clock, the victim accepted the defendant's invitation to go and have breakfast with him. They left the 121 Club in defendant's car and went to a coffee shop. While at the coffee shop they encountered two young men who apparently knew defendant and gave them a ride home. As defendant seemed to be intoxicated the victim drove defendant's car. After dropping off the two young men, they headed for the victim's home. At this time the defendant's behavior changed, "he just appeared drunker, you know, by degrees." When they arrived at the home of the victim she told defendant that she needed to go in and started to get out of the vehicle. Defendant then threatened her with a knife and ordered her to drive to a remote location where he forcibly had anal and vaginal intercourse with her.

Defendant's wife testified that he left home on the evening in question and did not return until the following morning. She also identified a portion of a man's shirt found at the scene of the incident as being the shirt defendant had been wearing on that night.

The State also presented the testimony of a physician who ex-

amined the victim and found she had bruises on her neck and around the anus, with rectal irritation and swelling consistent with recent anal intercourse. No trauma to the vagina or seminal fluid was found during the examination and the doctor conceded on cross-examination that the irritation of the anus could have been caused by consensual anal intercourse.

The defendant presented evidence of the victim's bad reputation for veracity. There was also evidence presented by defendant that pubic combings of the victim failed to reveal the presence of any hair that could be distinguished from her own.

The proffered testimony of the two young men who had been encountered in the coffee shop was ruled inadmissible under the rape shield statute, OCGA § 24-2-3. These two young men, who were brothers, were acquaintances of defendant but had not known the alleged victim before that night. The younger brother would have testified that, while defendant was gone to the rest room, the alleged victim had given his brother her address and telephone number and had given him her daughter's name and address, told them they were cute and good looking guys, and also told them that she wanted them to come see her. The older brother would have testified as to conversing with the alleged victim and receiving her address while at the coffee shop. The older brother would also have testified that when he and his brother were dropped off at home, "as I stepped out of the car, she stood in my way from getting any further out of the car. She grabbed me by my penis, and kissed me and asked me — well, she said she would rather be with me and not [defendant]."

Defendant argues that the excluded testimony was not inadmissible as evidence of past sexual behavior but was admissible as evidence of existing motive and state of mind under *Villafranco v. State*, 252 Ga. 188, 193 (1), 194 (313 SE2d 469).

"Under OCGA § 24-2-3 evidence of the past sexual behavior of the complaining witness is admissible where, during an in camera hearing, the trial court finds the accused could have reasonably believed that the victim consented to the conduct of which complaint was made . . .

"OCGA § 24-2-3 'is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused.' [Cit.] . . .

"Because there was no evidence concerning [past] sexual behavior by the victim which directly involved participation of defendant, the only basis for permitting evidence of past sexual conduct was that it supported the inference that the accused could have reasonably believed that the conduct of the complaining witness was consensual.

OCGA § 24-2-3; *Lamar v. State*, 243 Ga. 401, 402 (2) (254 SE2d 353) (1979). Defendant had no knowledge of the alleged conduct between the victim and three young men. See *Roberts v. State*, 158 Ga. App. 309, 311 (2) (279 SE2d 753) (1981)." *Jones v. State*, 190 Ga. App. 416 (1), 417 (379 SE2d 189).

The particular facts and circumstances of the case sub judice are more closely akin to those in *Jones v. State*, 190 Ga. App. 416, supra, than those in *Villafranco v. State*, 252 Ga. 188, supra, relied upon by defendant Moore. In *Villafranco v. State*, 252 Ga. 188, supra, the defense presented by the defendants in that case was that the sexual acts were consensual. Whereas, in the case sub judice, there is no evidence in the record and transcript raising the issue of consent by the victim. Therefore, the decision in *Villafranco v. State*, 252 Ga. 188, supra, is not controlling in the case sub judice.

As in *Jones v. State*, 190 Ga. App. 416, supra, there is no evidence in the case sub judice that defendant Moore had knowledge of the alleged conduct between the victim and the two young men, who were brothers and were acquaintances of defendant Moore.

We fail to see how defendant Moore could have reasonably believed that the victim consented to the alleged conduct of which complaint was made.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 9, 1990 —
REHEARING DENIED MAY 31, 1990 —

*Kenneth E. Futch, Jr.*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Richard E. Currie*, Assistant District Attorney, for appellee.