A91A0414. CONCEPCION v. THE STATE.
(408 SE2d 130)

POPE, Judge.

Defendant Robert Kennedy Concepcion appeals his conviction of aggravated assault with intent to rape and false imprisonment. We affirm.

1. Defendant first contends that the unsolicited *"Allen"* charge the trial court gave in this case was unduly coercive. The transcript shows that at 5:04 p.m., after the jury had deliberated for two hours, the trial court asked the jury whether they had been able to reach a verdict in the case. The foreperson responded that they had not, and the trial court asked the foreperson to inform the court, "without tell-

ing me which way you stand, how do you stand numerically?" The foreperson responded eleven to one, and informed the court that the jury wished to deliberate for a while longer before recessing until morning. The trial court, sua sponte, then gave the following charge: "[T]his case has got to be tried by some jury, if it's not tried by you, it's got to be tried by another jury at another time and at a considerable expense to the county. And I know of no reason to expect that we would get a better jury than you are. You have been very attentive and paid close attention to all the testimony in the case. And I, of course without saying which way I think you ought to decide, because that's entirely up to you, and I can't express any opinion as to how you ought to decide the case, I feel like that there has been evidence that you can make a verdict of either guilty or innocent, one or the other, and I think that you can consider the case and consider it fairly and exchange your views without seeking to become an advocate, that is without anyone seeking to take sides and say I support this side of the case or I support the other side of the case. That's what I mean by being an advocate or being a lawyer for one or the other. And I just think that this jury can make a verdict, and I believe you will make a verdict, and I have absolute confidence in you in being able to do that."

Relying on *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984), defendant challenges that portion of the charge in which the trial court instructed the jury that "this case has got to be tried by some jury, if it's not tried by you, it's got to be tried by another jury at another time and at a considerable expense to the county" as well as the court's instruction that "I feel like that there has been evidence that you can make a verdict of either guilty or innocent, one or the other. . . ."

As the Supreme Court noted in *McMillan*, "instructing a jury that failure to agree would cause a mistrial resulting in another trial by another jury is not unduly coercive." See also *Hardy v. State*, 242 Ga. 702 (4f) (251 SE2d 289) (1978); *Brantley v. State*, 190 Ga. App. 642, 644 (3) (379 SE2d 627) (1989). Moreover, although the court in *McMillan* found the trial court's statement that " 'I feel like there is enough evidence in this case for your to reach a verdict one way or another' " to constitute reversible error, in so holding, the Supreme Court noted that the evidence in that case was largely circumstantial and that "the *only* evidence before the jury was the state's evidence." (Emphasis supplied.) Id. at 523. In the case at bar, however, in addition to the testimony of the victim and other witnesses called by the State, the defendant testified and denied the charges against him. Moreover, the defendant's testimony did not stand in isolation, inasmuch as other witnesses tended to corroborate at least portions of his testimony. Furthermore, immediately preceding the trial court's re-

marks concerning the jury's ability to reach a verdict from the evidence presented, the court clearly instructed the jury that the decision was entirely theirs to make and that the court could not express an opinion as to how they ought to decide the case.

"The decision as to the giving of [an *Allen*] charge does not depend upon a finding that the jury is deadlocked. *Kilpatrick v. State*, 255 Ga. 344 (1) (338 SE2d 274) (1986) and cits. 'The issue in reviewing such charge is whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors.' *McMillan v. State*, [supra]. [Cit.]" *Sanders v. State*, 257 Ga. 239, 243 (7) (357 SE2d 66) (1987). Under the facts of this case, and considering the charge in its entirety, we find that the language of the charge was not coercive and that it did not place undue pressure on the members of the jury to abandon their convictions. Consequently, this enumeration is without merit. See, e.g., *Black v. State*, 255 Ga. 668, 671 (2) (341 SE2d 436) (1986).

2. Defendant next contends that the trial court erred by failing to give his requested jury instructions on simple assault and simple battery as lesser included offenses of the offense of aggravated assault with intent to rape.

The victim testified that she was sleeping in her girl friend's bedroom when her girl friend's older brother came into the room, got into bed with her, undressed her from the waist down and began to fondle and kiss her "all over." The victim testified these acts were done without her consent and that she struggled with the defendant to prevent him from touching or undressing her; she also testified he attempted to rape her but that he was unable to achieve penetration because she was struggling. Defendant admitted he undressed, fondled and kissed the victim, but testified that these activities were done with the victim's full consent, and that it was only when he tried to have intercourse with the victim that she refused. According to the defendant, he respected the victim's wish not to engage in intercourse; defendant also testified that at no time did he use force against the victim or did he in any way physically restrain her. "[Defendant's] defense, being based on the victim's consent, was essentially that no offense occurred." *Tremble v. State*, 162 Ga. App. 761, 762 (3) (292 SE2d 442) (1982). "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense. *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547) (1981)." *Burley v. State*, 172 Ga. App. 34, 35 (3b) (321 SE2d 783) (1984). See also *Brooks v. State*, 197 Ga. App. 194, 195 (1) (397 SE2d 622) (1990); *Tremble*, supra.

3. In his third, fourth, fifth, seventh, ninth and twelfth enumerations of error defendant challenges other aspects of the trial court's charge to the jury. The transcript shows that although defense counsel, upon inquiry by the trial court, objected to the trial court's failure to charge on "lesser included offenses," he neither objected to those portions of the charge now complained of on appeal nor reserved his right to later object to the charge. " 'In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), . . . of reserving the right to object on motion for new trial or on appeal.' *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980)." *Hills v. State*, 190 Ga. App. 636 (2) (379 SE2d 626) (1989). Because defendant waived the right to challenge the portions of the charge urged as error on appeal, we are without authority to address the enumerations listed above. *Jones v. State*, 181 Ga. App. 651, 654 (2) (353 SE2d 593) (1987); *Vowell v. State*, 174 Ga. App. 426 (1) (330 SE2d 167) (1985).

4. Contrary to defendant's sixth enumeration of error, the trial court did not improperly comment on the evidence in violation of OCGA § 17-8-57 in overruling defendant's objection to the State's use of leading questions in its direct examination of the defendant's brother. " 'The statutory inhibition [17-8-57] against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding admissibility of evidence. (Cits.) Furthermore, "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980).' *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984)." *Lobdell v. State*, 256 Ga. 769, 774 (9) (353 SE2d 799) (1987). Moreover, the transcript shows the defendant did not object to the trial court's statements at trial. For this reason also we find no merit to this enumeration. See, e.g., *Jones v. State*, 190 Ga. App. 416, 418 (3) (379 SE2d 189) (1989).

5. In his eighth enumeration of error defendant contends the trial court erred in failing to allow testimony, after conducting a hearing outside the presence of the jury, concerning the victim's past sexual conduct, arguing that such testimony was admissible under OCGA § 24-2-3 (c) (2). "Because there was no evidence concerning sexual behavior by the victim which directly involved participation of defendant, the only basis for permitting evidence of past sexual conduct was that it supported the inference that the accused could have reasonably believed that the conduct of the complaining witness was consensual. [Cits. However, the record contains no evidence that the defendant had] knowledge of the alleged conduct between the victim and [the witness whose testimony defendant sought to introduce at trial.

Cit.]" *Jones v. State*, 190 Ga. App. 416, 416-417 (1) (379 SE2d 189) (1989). Therefore the trial court properly found the testimony concerning alleged past sexual conduct inadmissible. See, e.g., *Moore v. State*, 195 Ga. App. 814, 816 (395 SE2d 13) (1990); *Burley v. State*, 190 Ga. App. 75 (2) (378 SE2d 328) (1989).

6. Defendant also challenges the sufficiency of the evidence. " 'Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury.' *Lucas v. State*, 192 Ga. App. 231 (1) (384 SE2d 438) (1989). Further, on appeal we are required to view the evidence in the light most favorable to the verdict. Id. After a review of the record and the evidence adduced at trial, we conclude that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Seidel v. State*, 197 Ga. App. 14, 15 (1) (397 SE2d 480) (1990).

7. Although not raised in the trial court, defendant also contends that his trial counsel was ineffective. The record shows that appellate counsel was appointed by the same order granting defendant an extension to file an out-of-time appeal. In this situation, to wit, where permission to file an out-of-time appeal is granted and appellate counsel is appointed prior to the filing of the notice of appeal, our Supreme Court has recently held that in order to avoid waiver on appeal, the issue of trial counsel's ineffectiveness should be raised by filing a motion for new trial in the trial court prior to the filing of the notice of the out-of-time appeal. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991). However, because the procedure of filing a motion for new trial raising trial counsel's ineffectiveness was not announced until after the out-of-time notice of appeal was filed in the case at bar, "it would be manifestly unfair to deny [defendant] an opportunity to follow the procedure [established by the Supreme Court in *Ponder*]." Id. at 842. Thus "within 30 days of the date that this court's remittitur is filed in the trial court, [defendant] shall be entitled to file a motion for new trial limited to the issue of the alleged ineffectiveness of his trial counsel. If [defendant] files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that [defendant] was denied effective assistance of trial counsel, he will be entitled to a new trial. If [defendant] files a timely motion for new trial as to that limited issue and the trial court finds, after an evidentiary hearing, that [defendant] was not denied effective assistance of trial counsel, he will be entitled to file a notice of appeal within 30 days of the entry of such an adverse order." *Ponder v. State*, 199 Ga. App. 630 (406 SE2d 143) (1991).

*Judgment affirmed. Case remanded with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 9, 1991.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.