## A91A1316. MEYER v. THE STATE.
(412 SE2d 575)

COOPER, Judge.

Appellant, a former deputy sheriff, was convicted on two counts of cruelty to inmates, two counts of simple assault and one count of violation of oath of public office for the assault of two inmates in the Floyd County jail with a stun gun. This appeal followed the denial of appellant's motion for new trial.

1. Appellant's first two enumerations of error charge that the State did not establish that a stun gun used at trial for demonstration purposes was sufficiently similar to the weapon actually used by appellant and that appellant was prejudiced by the demonstration of the stun gun before the jury. At trial, the prosecutor showed a stun gun, which had no connection to either of the assaults in question or to appellant, to several witnesses to establish their familiarity with such a weapon. As the gun was activated, witness after witness testified that the sound emitted by the weapon in court was the same sound heard during appellant's assaults of the inmates. Ultimately however, relying on *Jones v. State*, 190 Ga. App. 416 (2) (379 SE2d 189) (1989), the trial court declined to admit the gun into evidence. In *Jones*, this court recognized the long-standing principle that " 'articles which are similar to ones used in a crime but are not identical are nevertheless admissible.' [Cits.] However, . . . the weapon in question must be one in possession of or belonging to the accused and [not] . . . a gun which merely resembled the description given by the victim." Id. at 417. Thus, the trial court was correct in declining to admit the

weapon in evidence; however, it does not necessarily follow that the testimony regarding the stun gun and the demonstration of the weapon prejudiced appellant and required a mistrial. The evidence of appellant's guilt, including appellant's admission that he used a stun gun on both victims, was so overwhelming that even assuming error, it is highly probable that such error did not contribute to the verdict. *McCoy v. State*, 190 Ga. App. 258 (4) (378 SE2d 888) (1989). Moreover, "the record shows that appellant 'admitted possession of a [stun gun], described it and pointed out the ways in which it was dissimilar from the one offered in evidence. Under these circumstances, there was no harmful error. [Cits.]' [Cit.]" *Mattox v. State*, 196 Ga. App. 64 (2) (395 SE2d 288) (1990).

2. Appellant contends that the trial court erred in permitting the sheriff to testify as an expert with regard to the use of stun guns; that the sheriff's testimony was tainted by bias and an interest in the outcome of the case; and that the court erred in failing to charge the jury on bias and prejudice of a witness and expert testimony. " 'It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular area to be deemed expert. [Cit.]' [Cit.]" *Washington v. State*, 194 Ga. App. 756 (1) (391 SE2d 718) (1990). A review of the sheriff's testimony reveals no abuse of discretion, and appellant did not submit a charge on expert testimony. " '[T]his court has held that where there has been no written request to charge, failure to give the charge is not error. (Cits.)' [Cits.]" *Lamb v. State*, 196 Ga. App. 665 (3) (396 SE2d 497) (1990). Furthermore, the court's charge on credibility of witnesses adequately covered the questions of bias and interest in the outcome of the case. See *Sims v. State*, 197 Ga. App. 214 (6) (398 SE2d 244) (1990).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1991.

*Barbara J. Gale*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.